J. H. McQuiston and Dorothy T. McQuiston, Petitioners *v.* Commissioner of Internal Revenue, Respondent

Docket No. 7290–70.     Filed May 13, 1982.

J. H. McQuiston, pro se.
*Michael C. Cohen*, for the respondent.

OPINION

Sterrett, *Judge*: By notice of deficiency dated November 13, 1970, respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1967 and 1968 in the

---

[8]See also *Shuman v. Commissioner*, T.C. Memo. 1981–264, on appeal (7th Cir., Feb. 8, 1982).

respective amounts of $6,165.40 and $3,734.03. Respondent also determined an addition to tax pursuant to section 6654(a), I.R.C. 1954, for the 1967 taxable year in the amount of $306.40. The deficiencies arose primarily from respondent's adjustments to petitioners' Schedules A and C for the years in question.

Petitioners J. H. McQuiston and his wife, Dorothy T. McQuiston, resided in Los Angeles, Calif., at the time of filing their petition herein. They filed joint Federal income tax returns for the calendar years 1967 and 1968 with the District Director of Internal Revenue, Los Angeles, Calif. They also filed amended income tax returns dated December 31, 1970, for both of the years in question, with the District Director of Internal Revenue, Los Angeles, Calif.

Petitioners filed an imperfect petition in this Court on November 23, 1970, and an amended petition on January 5, 1971. Prior to trial, petitioners were able to substantiate a number of disputed deductions to respondent's satisfaction. However, the parties could not reach a settlement in the case due to a disagreement over the proper application of the income averaging and net operating loss provisions. The parties requested the Court to issue an opinion reflecting their concessions in order that Rule 155, Tax Court Rules of Practice and Procedure, computations could be made. This the Court did with the filing of *McQuiston v. Commissioner*, T.C. Memo. 1977–207.

Thereafter, the parties filed separate Rule 155 computations as well as opening and reply briefs. On August 17, 1981, this Court filed *McQuiston v. Commissioner*, T.C. Memo. 1981–434, wherein, adopting respondent's computations, we held that petitioners had made a $253 overpayment in their 1967 income tax and that petitioners were liable for a $155 addition to tax pursuant to section 6654(a) for 1967. The Court found that there was no deficiency or underpayment for 1968.

On December 21, 1981, petitioners filed an application for award under the Equal Access to Justice Act and the Civil Rights Act, wherein they requested this Court to award to them the costs and attorneys' fees incurred by them as a result of this case. Petitioners first contend that they are entitled to costs and attorneys' fees pursuant to the authority of Act of

October 19, 1976, Pub. L. 94–559, 90 Stat. 2641, amending 42 U.S.C. sec. 1988 of the Civil Rights Act.

With the passage of Act of October 21, 1980, Pub. L. 96–481, tit. II, 94 Stat. 2330, amending 42 U.S.C. sec. 1988, Congress made it clear that attorneys' fees incurred in tax litigation cannot be recovered under 42 U.S.C. sec. 1988. This was accomplished by the deletion of the language giving courts the authority to award attorneys' fees "in any civil action or proceeding by or on behalf of the United States of America, to enforce, or charging a violation of a provision of the United States Internal Revenue Code."[1] Moreover, even prior to this amendment, we held in *Key Buick Co. v. Commissioner*, 68 T.C. 178, 184 (1977), affd. 613 F.2d 1306 (5th Cir. 1980), that this Court is not authorized to award attorneys' fees pursuant to Pub. L. 94–559, *supra.*

Alternatively, petitioners argue that they are entitled to costs and attorneys' fees pursuant to the Equal Access to Justice Act. More particularly, they argue that they are entitled to costs and fees under the authority of Pub. L. 96–481, tit.` II, sec. 203(a)(1), 94 Stat. 2325 (effective Oct. 1, 1981), which amended chapter 5 of title 5, United States Code, by adding section 504. The applicable provision of the U.S. Code states that:

An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency as a party to the proceeding was substantially justified or that special circumstances make an award unjust. [5 U.S.C. sec. 504(a)(1).]

Petitioners contend that the Tax Court decision constituted "administrative review of an action of the Treasury Department, an agency of the United States" and that the Tax Court acted as the "adjudicative officer of the agency."

The statute allows an "agency" to award to a prevailing party fees and other expenses incurred by that party. Section

---

[1] According to S. Rept. 96–974 (1980) reprinted in 1980 U.S. Code Cong. & Admin. News 4953, 4998 (1980), the deletion was required because it was "intended that cases arising under the internal revenue laws be covered by the provisions of section 2412(d) of title 28."

551(1)(B) of title 5 excludes "the courts of the United States" from the definition of "agency."[2] The term "agency," for purposes of 5 U.S.C. sec. 504(a)(1), carries the same definition as it does in 5 U.S.C. sec. 551(1)(B).[3] The U.S. Tax Court was established as a court of the United States by sec. 7441, I.R.C. 1954, as amended by sec. 951, Pub. L. 91–172, 83 Stat. 487, 730, and therefore litigation before this Court does not fall within the purview of 5 U.S.C. sec. 504(a)(1). See *Nappi v. Commissioner*, 58 T.C. 282, 284 (1972).

Petitioners argue in the alternative that they should be awarded costs pursuant to 28 U.S.C. sec. 2412 (1981 ed.),[4] also amended by the Equal Access to Justice Act, Pub. L. 96–481, tit. II, sec. 204(a), 94 Stat. 2327 (effective Oct. 1, 1981). By

---

[2]Tit. 5 U.S.C. sec. 551 (1981 ed.) in pertinent part provides:

Sec. 551. Definitions

For the purpose of this subchapter—

(1) "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—

*       *       *       *       *       *       *

(B) the courts of the United States;

[3]Tit. 5 U.S.C. sec. 504(b)(2) (1981 ed.) provides that, subject to certain exceptions not here relevant, "the definitions provided in sec. 551 of this title apply to this section."

[4]Tit. 28 U.S.C. sec. 2412 provides in pertinent part as follows:

Sec. 2412. Costs and Fees

(a) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

*       *       *       *       *       *       *

(d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

virtue of 28 U.S.C. sec. 451 (1981 ed.),[5] section 2412 only applies to courts established under article III of the United States Constitution, that is, courts "the judges of which are entitled to hold office during good behavior." *Sharon v. Commissioner*, 66 T.C. 515, 534 (1976), affd. per curiam 591 F.2d 1273 (9th Cir. 1978), cert. denied 442 U.S. 941 (1979).[6] It does not apply to the Tax Court, an article I court, whose judges serve for a term of 15 years after taking office. Sec. 7441 and sec. 7443(e).[7] For purposes of title 28, the U.S. Tax Court

---

[5]Tit. 28 U.S.C. sec. 451 (1981 ed.) provides in pertinent part as follows:

Sec. 451. Definitions

As used in this title:

The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of Claims, the Court of Customs and Patent Appeals, Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

[6]*Judgments for costs* (28 U.S.C. sec. 2412(c)(1)), *fees and expenses of attorneys* (28 U.S.C. sec. 2412(c)(2)), and fees and other expenses (28 U.S.C. sec. 2412(d)(4)(A)) are generally to be paid in accordance with 28 U.S.C. sec. 2414 and 28 U.S.C. sec. 2517. These statutes cover the payment of judgments against the United States that are rendered by the District Courts, the Court of International Trade, and the Court of Claims. No mention is made of the Tax Court.

[7]Our conclusion that the Tax Court is not a "court of the United States" for purposes of tit. 28 *may seem inconsistent with our conclusion that the Tax Court constitutes a* "court of the United States" for the purpose of excluding it from the definition of an agency as that word is defined in 5 U.S.C. sec. 551(1)(B) (1981 ed.). It is clear under 28 U.S.C. sec. 451 that the phrase "court of the United States" refers only to art. III courts. The question thus arises as to whether the phrase has the same meaning in the Administrative Procedure Act, that is, ch. 5, tit. 5, U.S.C., such that the only courts excluded from the definition of "agency" contained therein are art. III courts. The legislative history of the Administrative Procedure Act indicates otherwise.

The Administrative Procedure Act originally was enacted in 1946. In sec. 2(a) of that act, "agency" was defined as "each authority (whether or not within or subject to review by another agency) of the Government of the United States other than Congress, the courts, or the governments of the possessions, Territories, or the District of Columbia." Pub. L. 404, sec. 2(a), 60 Stat. 237 (1946). Both the Senate and House Judiciary reports state that "the word 'agency' is defined by excluding legislative, judicial and territorial authorities." S. Rept. 752, to accompany S. 7, 79th Cong., 1st Sess. 196 (1945); H. Rept. 1980, to accompany S. 7, 79th Cong., 2d Sess. 252–253 (1946). There is nothing indicating an intention to limit the scope of the phrase "judicial authorities" to include only art. III courts. On the contrary, in appendix B to the Senate Judiciary Comm. report, which sets forth comments on the proposed bill by Attorney General Tom C. Clark, it is stated that "'Courts' includes the Tax Court, Court of Customs and Patent Appeals, the Court of Claims, and similar courts. This act does not apply to their procedure." S. Rept. 752, to accompany S. 7, 79th Cong., 1st Sess. 224 (1945). Thus, at the time of the act's passage in 1946, it seems quite clear that the definition of "courts" contained therein was not intended to be confined to art. III courts.

On Sept. 6, 1966, Pub. L. 89–554, 80 Stat. 378 (1966), was enacted for the purpose of restating in comprehensive form the statutes relating to Government employees, the organization and powers of Federal agencies generally, and administrative procedure, and to enact tit. 5 of the U.S. Code. H. Rept. 901, to accompany H.R. 10104, 89th Cong., 2d Sess. 1 (1965); S. Rept. 1380, to accompany H.R. 10104, 89th Cong., 2d Sess. 18 (1966). The act changed the definition of "agency" to exclude "the courts of the United States" rather than

was consciously excluded from the definition of a court. S. Rept. 1559, to accompany H.R. 3214, 80th Cong., 2d Sess. 2 (1948); *Sharon v. Commissioner, supra* at 534. There is nothing in the Equal Access to Justice Act that changes this result. Therefore, we have no authority to grant costs or attorneys' fees under 28 U.S.C. sec. 2412 or under any other statute.[8] Accordingly,

*An appropriate order will be entered.*

simply "the courts." This was one among many terminological and stylistic changes made in the codification of tit. 5. However, the legislative history makes it abundantly clear that such changes were not intended to change the substance of any of the laws affected. H. Rept. 901, to accompany H.R. 10104, 89th Cong., 2d Sess. 2, 3 (1965); S. Rept. 1380, to accompany H.R. 10104, 89th Cong., 2d Sess. 19, 20 (1966). Thus, the addition of "of the United States" to "the courts" was in no way intended to alter the meaning of "agency" as originally defined in the 1946 Act. Accordingly, despite the change in language, such definition continues to exclude art. I courts from its coverage. *Nappi v. Commissioner,* 58 T.C. 282, 284 (1972).

[8]Congress has recognized that the Tax Court presently has no authority to award attorneys' fees or costs. This is evidenced by the fact that the effective date of the Equal Access to Justice Act was consciously delayed to afford Congress an opportunity to draft appropriate legislation in this area. See remarks of Representative Kastenmeier, Chairman of the House Judiciary Subcommittee on Courts, Civil Liberties, and the Administration of Justice, 127 Cong. Rec. H 9616 (daily ed. Dec. 15, 1981). Moreover, there have been numerous recent legislative attempts to fill this void. See Senate bills S. 326, 96th Cong., 1st Sess. (1979); S. 955, 96th Cong., 1st Sess. (1979); and S. 1444, 96th Cong., 1st Sess. (1979), and House bills H.R. 204, 96th Cong., 1st Sess (1979); H.R. 3517, 96th Cong., 1st Sess (1979); H.R. 3884, 96th Cong., 1st Sess. (1979); H.R. 3889, 96th Cong., 1st Sess. (1979); and H.R. 4584, 96th Cong., 1st Sess. (1979). See Senate bills S.752, 97th Cong., 1st. Sess. (1981) and S. 1673, 97th Cong., 1st. Sess. (1981), and House bills H.R. 1095, 97th Cong., 1st Sess. (1981); H.R. 2555, 97th Cong., 1st Sess. (1981); and H.R. 3262, 97th Cong., 1st Sess. (1981). In the most recent attempt, both the House Ways and Means Committee and the Senate acknowledged that the Equal Access to Justice Act currently does not apply to the U.S. Tax Court. See H.R. 4961, 97th Cong., 1st Sess. 10 (1981); 127 Cong. Rec. S15593 (daily ed. Dec. 16, 1981); Staff of Joint Comm. on Taxation, Summary of H.R. 4717 as passed by the Senate, at 16 (Comm. Print 1982). This legislation is presently awaiting a House-Senate conference.