James A. BAILEY

v.

The UNITED STATES.

No. 230–80C.

United States Claims Court.

Jan. 13, 1983.

John A. Everhard, Falls Church, Va., for plaintiff. Thomas H. King, Falls Church, Va., Paul A. Kiefer, Washington, D.C., King & Everhard, Falls Church, Va., of counsel.

Louis R. Davis, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

WOOD, Judge:

This matter is now before the court on plaintiff's application, pursuant to the Equal Access to Justice Act, Pub.L. 96–481, 94 Stat. 2325, 2327–28, 28 U.S.C. § 2412(d)(1)(A) (1980 Supp. IV) for attorney fees and expenses, and defendant's opposition thereto. This is one of some 34 such applications, arising on essentially identical facts and raising essentially identical legal issues, now pending before the author judge.[1] The matter has been fully briefed, and oral argument has been held.

The attorney fees[2] and expenses[3] sought in the pending application were incurred in the successful prosecution of a military pay claim. Plaintiff's petition, filed in the United States Court of Claims May 15, 1980, alleged that he had been released from active duty June 30, 1975, as a Reserve commissioned officer of the United States Air Force on the basis of actions (or, more accurately, inactions) by selection boards constituted and convened in viola-tion of statute and Air Force regulations, and that his release was accordingly invalid. On March 19, 1982, following the filing of an answer and negotiations toward settlement of the claim, judgment was entered for plaintiff on stipulation of settlement. This application for attorney fees and expenses followed.

Plaintiff's application was filed within the thirty day time limit contained in section 2412(d)(1)(B). Defendant does not deny that plaintiff received by way of settlement substantially all of the monetary and other relief that would have been due him pursuant to a court decision in his favor on the merits of the claim presented in the petition, and concedes that the "prevailing party" requirement of section 2412(d)(1)(A) is thus no impediment, in and of itself, to a favorable consideration of the pending application. Finally, defendant does not challenge the allegation of net worth of less than $1,000,000 contained in the application.

What defendant does contend is (a) that the United States Claims Court is without jurisdiction to award any attorney fees and expenses under section 2412(d)(1)(A); (b) that even were jurisdiction to do so present, plaintiff would not be entitled to an award of attorney fees in this case because the "position of the United States" was "substantially justified," within the meaning of section 2412(d)(1)(A); (c) that the amount claimed for attorney fees is unreasonable and excessive; and (d) that an award of the costs claimed would be improper. Plaintiff controverts each of the government's contentions.

For the reasons, and under the authorities, hereinafter appearing, it is concluded

---

1. Appendix A lists the docket number, the name of the plaintiff, and the amount of attorney fees and expenses claimed in each of the other 33 applications. Ruling on those applications will be deferred pending the expiration of time for appeal in this case. In the event of a timely appeal by either party, ruling on the applications will, in the absence of a reason for a contrary course, await the outcome of the appeal. Absent timely appeal, the applications will (for reasons hereinafter appearing) be dismissed by the Clerk insofar as they claim attor-ney fees, but with costs awarded consistent with this opinion.

2. For 23.5 hours' time at $125 per hour, or $2,937.50.

3. A $10 filing fee and $14.25 in "Copying Expenses," or $24.25. At oral argument, plaintiff conceded that expenses of this nature are not allowable under sections 2412(d)(1)(A) and 2412(d)(2), but asserted a right to them under section 2412(a).

that plaintiff's application for attorney fees should be denied (albeit not for lack of jurisdiction to award such fees), and that an award of costs pursuant to section 2412(a) and Rule 54(d) is appropriate.

## I

Section 2412(d)(1)(A) provides in pertinent part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses [which 'includes * * * reasonable attorney fees'] * * * incurred by that party in any civil action * * * brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.[4]

The Court of Claims was plainly authorized and empowered by those provisions to award attorney fees to a prevailing plaintiff in an appropriate case. *See, e.g., Broad Avenue Laundry and Tailoring v. United States,* 693 F.2d 1387 (CA Fed.1982); *Estate of Berg v. United States,* 231 Ct.Cl. ——, ——, 687 F.2d 377, 383 (1982). In essence, if not in *haec verba,* however, defendant contends that in establishing this court as a statutory successor to the Court of Claims effective October 1, 1982, Congress neglected to confer on the new court jurisdiction to award attorney fees pursuant to section 2412 in *any* case.

The convoluted process by which defendant reaches that conclusion does not include any assertion that the kind of military pay claim here involved on the merits is beyond

the "jurisdiction" of the Claims Court. Indeed, the judgment entered in this court on stipulation of settlement in one of the cases in which an application for attorney fees is now pending stands as tacit (and proper) concession otherwise. That a considerable number of other cases substantially identical to *Bailey*[5] are also pending in this court, without any suggestion whatever of lack of jurisdiction to entertain those actions, points in that same direction.[6] Defendant's conclusion of lack of jurisdiction is based, rather, upon its interpretation of sections 2412(a), 1920 and 451 of Title 28.

Section 2412(a) provides in pertinent part that (emphasis supplied):

> Except as otherwise specifically provided by statute, a judgment for costs, *as enumerated in section 1920* of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States * * * in any court having jurisdiction of such action. * * *

Section 1920 provides that "[a] judge or clerk of *any court of the United States* may tax as costs * * *" certain specified fees (emphasis supplied). The United States Claims Court is not a "court of the United States" as that term is defined in Section 451.[7]

According to defendant, the "judgment for costs, as enumerated in section 1920 * * *," language of section 2412(a) means that *only* a court authorized *by* section 1920 to tax costs has jurisdiction to award attorney fees pursuant to section 2412(d)(1)(A) (and costs pursuant to section 2412(a)); that section 1920 authorizes only a "court of the

---

**4.** The words in brackets and quotes appear in section 2412(d)(2).

**5.** The petitions and answers in the cases referred to are, except for minor variances in detail (such as dates and ranks), virtually identical in their allegations.

**6.** Section 1491, Title 28, as amended, demonstrates abundantly that any suggestion of lack of jurisdiction over such cases would, if made, be devoid of substance.

**7.** Section 451, as amended by section 114, Federal Courts Improvement Act, Pub.L. 97–164, 96 Stat. 25, 29–30, effective October 1, 1982, presently provides that, as used in Title 28, the term "includes the Supreme Court of the United States, courts of appeal, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior."

United States" to tax costs; that the Claims Court is not a "court of the United States" within the meaning of sections 451 and 1920; and that the court therefore lacks the power to award attorney fees pursuant to section 2412(d)(1)(A) (and costs pursuant to section 2412(a)) in any situation. There are fatal flaws in defendant's reasoning.

In the first place, defendant's jurisdictional challenge overlooks section 403(d), Federal Courts Improvement Act of 1982, Pub.L. 97–164, 96 Stat. 25, 58. That statutory provision directs that:

> Any matter pending before a commissioner of the United States Court of Claims on the effective date of this Act * * * shall be determined by the United States Claims Court.

This application for attorney fees (and costs) was duly filed in the Court of Claims well prior to October 1, 1982, was pending before a commissioner of that court on October 1, 1982, and, if the mandate of section 403(d) is not to be disregarded, "shall be determined by the United States Claims Court."[8]

■ Moreover, section 1491, Title 28, United States Code, as amended effective October 1, 1982, gives this court jurisdiction over *any* monetary claim against the United States founded upon any act of Congress. *Cf. United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). In light of that clear and explicit language, the government's effort to deny to section 2412(d)(1)(A) applicability according to its plain terms is without any foundation in either wisdom or logic.

Quite apart from the foregoing, however, the government's argument that the Claims Court lacks jurisdiction to award attorneys fees pursuant to section 2412(d)(1)(A) (and costs pursuant to section 2412(a)) does not withstand close scrutiny. Section 2412 makes no mention whatever of a "court of

the United States"; neither the terms of section 2412(a) emphasized by defendant, nor those of section 2412(d)(1)(A), are so phrased. Both provisions allude to *"any court having jurisdiction"* of *any* civil action brought by or against the United States (emphasis supplied).

More precisely, section 2412(d)(1)(A) confers upon "a court" the power to award to a prevailing party other than the United States attorney fees incurred by that party in *any* civil action brought against the United States *"in any court having jurisdiction of that action,"* absent a finding that the government's position was substantially justified or that special circumstances make an award unjust (emphasis supplied). The focus of this language is upon the jurisdiction of the court, not upon whether the court is a "court of the United States" within the meaning of section 451.[9]

The absence in section 2412(d)(1)(A) of any mention of "court of the United States," and the affirmative reference therein to a court "having jurisdiction," refute the notion that that section should be read as having the restrictive meaning urged by defendant. Congress well knows how to refer to a "court of the United States" when it really means to do so. Rewriting the statutory provision enacted by the Congress under the guise of interpretation or construction would be erroneous.

Nor does section 2412(a) state that *only* a "court of the United States" may assess costs; it provides, rather, that "a judgment for costs, as *enumerated* in section 1920, of this title, * * * may be awarded to the prevailing party in any civil action brought by or against the United States * * * in any court having jurisdiction of such action." (emphasis supplied). The "as enumerated" words serve to delineate the kinds of costs that can be awarded, not to preclude a court "having jurisdiction of [any civil] action" properly brought against the

---

8. All of the cases, and 32 of the 33 applications for attorney fees and expenses, described in Appendix A, were pending before a commissioner of the Court of Claims on October 1, 1982.

9. See Note—*Attorney's Fees in Tax Cases After The Tax Equity and Fiscal Responsibility Act of 1982,* 36 The Tax Lawyer 123, 144–47 (1982).

United States from awarding costs under section 2412(a). *See* H.R.Rep. No. 96–1418, 96th Cong., 2d Sess., 17, U.S.Code Cong. & Admin.News 1980, pp. 4953, 4996.[10]

In evaluating defendant's arguments, it should be remembered that judgments against the United States for costs pursuant to section 2412(a), and for attorney fees and expenses pursuant to section 2412(b), "shall be paid as provided in sections 2414 and 2517 of this title * * *." Section 2412(c), Title 28, United States Code. *See* also section 2412(d)(4)(A), which contains essentially similar language respecting an award of attorney fees and other expenses pursuant to section 2412(d)(1)(A). Section 2517, as amended by section 139(k)(1), FCIA, 96 Stat. 43, pertains to the payment of judgments rendered by the United States Claims Court. If, as defendant contends, section 2412 does not apply to the Claims Court, Congress could easily have omitted section 2412's reference to section 2517 effective October 1, 1982.

Defendant's suggestion that H.R.Rep. No. 96–1418, *supra,* justifies construing section 2412 as limited only to those "courts * * * defined in section 451 of title 28" is unpersuasive. In the first place, the statute does not so state. Moreover, the legislative history indicates that section 2412 is broader than defendant believes. *E.g.,* H.R.Conf. Rep. No. 96–1434, 96th Cong., 2d Sess., 25–26, U.S.Code Cong. & Admin.News 1980, pp. 4953, 5014–15, states that:

> The Senate bill requires a Federal Court to award to a prevailing party other than the United States in a civil action involving the United States (except tort actions) fees and other expenses incurred by that party unless the court finds that the position of the United States was

substantially justified or that special circumstances make an award unjust.

> *     *     *     *     *     *

The Conference substitute adopts the Senate provision.[11]

The government's arguments based upon the decision of the Tax Court in *McQuiston v. Commissioner,* 78 T.C. 807 (1982), and the legislative history of section 7430 of the Internal Revenue Code of 1954, as added by section 292, Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. 97–248, 96 Stat. 324, 572–74, are also unpersuasive.

In *McQuiston,* the Tax Court concluded that it was not a "court of the United States" for purposes of Title 28, United States Code; that by "virtue of" section 451, "section 2412 only applies to courts established under article III of the United States Constitution * * *"; and that the Tax Court accordingly had no authority to allow attorney fees or costs thereunder. *Id.,* 78 T.C. at 811. That decision assumes, as defendant would have this court hold, that section 451's provisions are incorporated in section 2412. For the reasons set forth hereinabove, such an assumption with respect to *this* court would not be a proper one. Defendant's reliance on *McQuiston* is misplaced.

The legislative history surrounding the 1982 enactment of section 7430 of the Internal Revenue Code [12] is also of no real comfort to defendant. Quite apart from the dangers inherent in attempting to infer the intent of a prior Congress from views expressed in a subsequent one,[13] the Claims Court undeniably *is* a court "having jurisdiction," within the meaning of section 2412(d)(1)(A), and it is accordingly authorized and empowered by that statute to award

---

**10.** The costs "which may be awarded [under section 2412(a)] are enumerated in section 1920 of title 28."

**11.** The United States Claims Court is, manifestly, a "Federal Court." Moreover, H.R.Rep. No. 96–1418 itself provides (*id.,* at 18) that section 2412(d)(1)(A) "applies to all civil actions [against the United States] except those sounding in tort * * * and those already covered by existing fee-shifting statutes." *See* also 126

Cong.Rec. (daily ed. September 30, 1980) S13874–75 (remarks of Senator DeConcini).

**12.** *E.g.,* H.R.Rep. No. 97–404, 97th Cong., 1st Sess., 10–16; Conf.Rep. No. 97–760, 97th Cong., 2d Sess., 686–87.

**13.** *Waterman Steamship Corp. v. United States,* 381 U.S. 252, 269, 85 S.Ct. 1389, 1398, 14 L.Ed.2d 370 (1965).

attorney fees and other expenses to a prevailing plaintiff in an otherwise appropriate case. Whatever the situation elsewhere, it does not affect that result.

In sum, defendant's contention that section 2412(d)(1)(A), a statute which is on its face plainly applicable to the Claims Court, should nonetheless be so construed as to preclude the exercise by this court of jurisdiction to award relief in a proper case is rejected. To accept defendant's position would be not to construe the statute but to rewrite it, and that is a task to be undertaken only by Congress.

## II

### A

■ Section 2412(d)(1)(A) is cast in mandatory terms: in the facts and circumstances before the court on this application, the court "*shall* award" attorney fees and other expenses to plaintiff "*unless* the court finds that the position of the United States was substantially justified * * *." [14] Moreover, the burden of proving that the government is entitled in any given situation to the benefit of that exception to the directive preceding it lies with defendant. H.R.Rep. No. 96–1418, 96th Cong., 2d Sess., 10–11, 18; S.Rep. No. 96–253, 96th Cong., 1st Sess., 6–7; 126 Cong.Rec. (daily ed. September 30, 1980) S13874 (remarks of Senator DeConcini). [15]

### B

The military pay suit giving rise to this application for attorney fees and costs had its genesis in the decision in *Stewart v. United States,* 222 Ct.Cl. 42, 611 F.2d 1356 (1979). There, one of the contentions was that a 1975 Air Force selection board that considered but did not select Captain Stewart for promotion to the temporary grade of major [16] was "defective in that it did not have the appropriate number of Reserve officers on it, in violation of 10 U.S.C. § 266 (1976)." *Id.,* 222 Ct.Cl. at 45, 611 F.2d at 1357.

In *Stewart,* the court held that "an abuse of discretion" and "legal error" had occurred with respect to the composition of the 1975 selection board, but nonetheless refrained "from now entering a final judgment * * * on the issue of 'one Reserve' membership on the selection board * * * "; instead, the court remanded the case to the Air Force Board for Correction of Military Records for (among other things) consideration, consistent with its opinion, of the "one Reserve" issue. *Id.,* 222 Ct.Cl. at 51–52, 611 F.2d at 1361.

The petition in *Bailey,* filed May 15, 1980, some six months after the decision in *Stewart,* alleged that plaintiff Bailey too had not been selected for promotion to the temporary grade of major by Air Force selection boards that had convened "in September 1973" and "in October 1974," [17] and that both of the said selection boards had been unlawfully "constituted in that each did not contain an appropriate number of Reserve officers as required by 10 U.S.C. § 266." [18]

The court's records in *Stewart* do not reflect with any precision what, if any, action the Air Force Board for the Correction

---

**14.** Emphasis supplied. There is no contention that special circumstances make an award to plaintiff unjust.

**15.** As Senator DeConcini put it, "After a prevailing party has submitted an application for an award, the burden of proving that a fee award should *not* be made rests with the Government." (emphasis supplied).

**16.** The selection board convened October 7, 1974; an earlier board, convened September 17, 1973 (the 1974 board) had also failed to select Captain Stewart for promotion to the temporary grade of major.

**17.** Neither plaintiff Bailey nor any other plaintiff listed in Appendix A formally sought any administrative relief, either from the Air Force Board for the Correction of Military Records or elsewhere within the Department of the Air Force, prior to filing suit in the Court of Claims.

**18.** Plaintiff Bailey also alleged that each selection board had been improperly "limited in its composition to individuals holding a rank not less than colonel when AFR 36–89 authorized individuals of lesser rank to serve." *See Stewart v. United States, supra,* 222 Ct.Cl. at 49–50, 611 F.2d at 1360.

of Military Records may have taken following the court's remand of that case to the Board. The court's records do reflect, however, that in May 1980, at the invitation of the Department of the Air Force, counsel for plaintiff in *Stewart* (who is also counsel for plaintiff in *Bailey*) submitted to defendant an offer to settle *Stewart,* that settlement negotiations ensued, and that such negotiations eventually culminated in the entry of judgment for plaintiff in *Stewart,* on stipulation of settlement, on May 7, 1982. In the meantime, judgment had been entered for plaintiff in *Bailey,* on stipulation of settlement, even earlier, on March 19, 1982.[19]

### C

Defendant contends that its "position" in *Bailey* was "substantially justified," and that plaintiff's application should therefore be denied. Plaintiff disagrees. In resolving this dispute, it is first necessary to identify the "position of the United States" relevant to the argument, for only then can the further question whether that position may be found to be "substantially justified" be decided.[20]

In *Broad Avenue Laundry and Tailoring v. United States, supra,* the Court of Appeals for the Federal Circuit held that scrutiny of the position taken by the United States in an administrative proceeding leading to a court action was inappropriate in considering an application for attorney fees pursuant to section 2412(d)(1)(A): "the position of the United States refers to the government's position in court and not before the Board." *Id.* at 1390.[21] *See also Grace Baptist Church v. United States,* 1 Cl.Ct. 258 (Cl.Ct.1982) (LYDON, J.); *Ellis v. United States,* 550 F.Supp. 674, 680

(Cl.Ct.1982); *Change-All Souls Housing Corp. v. United States,* 1 Cl.Ct. 302 (Cl.Ct. 1982) (WILLI, J.); *Underwood v. Pierce,* 547 F.Supp. 256, 261 (C.D.Cal.1982); *Lauritzen v. Secretary of the Navy,* 546 F.Supp. 1221, 1226 (C.D.Cal.1982).

In his application for attorney fees and expenses, plaintiff relied solely upon asserted actions of the Department of the Air Force with respect to the composition of the 1974 and 1975 selection boards that had failed to select him for promotion to the temporary grade of major, alleging that such actions were "not substantially justified * * * in either fact, law or regulation * * *." In light of the holding in *Broad Avenue Laundry and Tailoring v. United States, supra,* that reliance was and is misplaced.

In his reply to defendant's opposition to that application, plaintiff took a different tack, asserting that "the failure [of the Department of the Air Force] to act with regard to selection board issues decided in *Stewart,*" amounted to "unjustifiable agency action * * * *" in *Bailey* and the other cases listed in Appendix A, and that the "plaintiffs proceeded directly to court" in consequence of that "failure to act * * *." That line of argument too is unpersuasive.

For one thing, neither plaintiff Bailey nor any other plaintiff listed in Appendix A formally *sought* any administrative action by or from the Department of the Air Force prior to filing suit in the Court of Claims. For another, most if not all of those plaintiffs elected to file suit very soon after the court's decision in *Stewart;* any suggestion that Air Force action (or inaction) respecting that decision compelled the institution of the judicial proceedings here involved is scarcely plausible.

---

**19.** Defendant's answer in *Bailey* was filed August 18, 1980. The papers in the court's file reflect that the time between May 1980 and March 19, 1982, was essentially devoted to reaching a conclusion within the Department of Defense how *Bailey* (and other cases) should be resolved, and to successful negotiations resulting in the entry of judgment on stipulation for plaintiff in *Bailey.*

**20.** Plaintiff's application for attorney fees rests solely and entirely on section 2412(d)(1)(A). *Cf. Fitzgerald v. Hampton,* 545 F.Supp. 53 (D.D.C.1982).

**21.** The Court of Appeals so concluded even though both the government position taken, and the decision reached, in the administrative proceeding (and defended by the government in the litigation) were erroneous.

Too, accepting for present purposes plaintiff's assertion that, to date, the Air Force Board for Correction of Military Records has failed to act in some cases "similar to" *Stewart v. United States, supra,* just how that would support plaintiff's allegation that the "position of the United States" generally, or even that of the Department of the Air Force, in *Bailey* and the other cases listed in Appendix A, was "substantially unjustified" is neither stated nor perceived.

Finally, the arguments in plaintiff's reply to defendant's opposition on this phase of the matter are still aimed at "agency action" said to be unjustifiable and to have resulted in this litigation, not at the "position of the United States" *in* the litigation. On this record, such arguments cannot be viewed with any favor. *Broad Avenue Laundry and Tailoring v. United States, supra; see also Operating Engineers Local Union No. 3, etc. v. Bohn,* 541 F.Supp. 486, 493–96 (D.Utah 1982); *Alspach v. District Director of Internal Revenue,* 527 F.Supp. 225, 228 (D.Md.1981); *ACS Constr. Co. v. United States,* Ct.Cl. No. 339–81C (opinion of Trial Judge Lydon, filed Sept. 17, 1982, pp. 6–8); *Ellis v. United States,* 550 F.Supp. 674, 677, 680 (Cl.Ct.1982).[22]

When the "position of the United States" is viewed, as it must be, in the context of this litigation, what happened is that the government responded to plaintiff's petition, promptly undertook negotiations to settle the military pay claim set forth in that petition, offered plaintiff all of the relief he could reasonably have expected to gain by prosecution of the claim stated in the petition, and in fact afforded him, within a relatively brief and reasonable period of time, just that relief by way of an executed stipulation of settlement resulting in a court judgment.

Whether or not the government's position in any particular litigation "was substan-

tially justified because it was reasonable depends upon all the pertinent facts of the case." *Broad Avenue Laundry and Tailoring v. United States, supra,* at 1391. At oral argument, plaintiff vigorously contended that the government's position in *this* case was not "substantially justified." As plaintiff sees it, defendant took far too long to decide to settle his claim and then far too long again to effectuate the settlement. The court simply cannot agree. It appears, rather, that in all the circumstances defendant settled this case (and those listed in Appendix A) with commendable candor and all due diligence, that its actions in doing so were eminently reasonable, and that its "position" was therefore "substantially justified" so as to preclude liability to plaintiff for attorney fees pursuant to section 2412(d)(1)(A).

Neither the Department of Justice as legal representative of the United States nor the Department of the Air Force has ignored for an unreasonable time firm and applicable judicial precedent, thereby in fact compelling litigation (and expense) that should have been unnecessary. Plaintiff has not really alleged, and in any event has failed to prove, that any such course of conduct has affected *this* litigation. Whether a different result should obtain in a different factual setting may therefore be pretermitted. *Cf.* section 2412(b), Title 28, United States Code; *Underwood v. Pierce, supra; Fitzgerald v. Hampton,* 545 F.Supp. 43 (D.D.C.1982). Such a showing would, however, require a balancing of "the constitutional obligation of the executive branch to see that the laws are faithfully executed against the public interest in encouraging parties to vindicate their rights,"[23] and in that process the government's position might well wind up being held less than reasonable. *Cf. Estate of Berg v. United States, supra.*

That a failure affirmatively to make a decision within a reasonable period can and

---

**22.** Plaintiff relies principally upon *Photo Data, Inc. v. Sawyer,* 533 F.Supp. 348 (D.D.C.1982), a decision specifically disapproved in *Broad Avenue Laundry and Tailoring v. United States, supra.*

**23.** H.R.Rep. No. 96–1418, 96th Cong., 2d Sess., p. 10, U.S.Code Cong. & Admin.News 1980, p. 5002.

frequently does amount to reaching one indirectly is, of course, a truism, and what is reasonable in one context may become unreasonable with the passage of time. Whether a failure for a lengthy period of time to settle a claim can properly be equated with the assumption of a litigating position that is unreasonable and not "substantially justified" for section 2412(d)(1)(A) purposes may, however, be deferred to another time, and to another case fairly presenting that issue.

## D

Defendant also contends that in any event attorney fees (and expenses) "generated" prior to October 1, 1981, the effective date of the Equal Access to Justice Act, may not be awarded,[24] and that the hourly rate of $125 claimed for attorney fees is "unreasonable and excessive." [25] The conclusion that the position of the United States was substantially justified for purposes of section 2412(d)(1)(A) eliminates any need to reach those contentions.

## III

Plaintiff's application includes a claim for costs: a filing fee of $10, and copying expenses (at 15 cents per page) of $14.25. In making the claim for costs plaintiff invokes section 2412(a), not section 2412(d)(1)(A).

■ As defendant correctly notes, the customary practice in the Court of Claims was to deny costs to either party. *E.g., Rawlins v. United States,* 231 Ct.Cl. ——, ——, 686 F.2d 903, 914 (1982); *Aparacor v. United States,* 215 Ct.Cl. 596, 607, 571 F.2d 552, 558 (1978). In this court, however, Rule 54(d) authorizes the award of costs to the prevailing party in appropriate circumstances, and awards of costs have routinely been made. *E.g., T.W.P. Co. v. United States,* 2 Cl.Ct. 35 (Cl.Ct.1982) (KOZINSKI, C.J.); *J. Rose Corp. v. United States,* 1 Cl. Ct. 231 (Cl.Ct.1982) (KOZINSKI, C.J.).

■ The court recognizes that defendant's jurisdictional argument with respect to attorney fees pursuant to section 2412(d)(1)(A) encompasses a claim for costs under section 2412(a). That argument is, however, invalid with respect to costs as it is with respect to attorney fees. No sound basis for denying any proper costs to plaintiff is suggested by defendant, or appears. *Cf. Hoska v. Department of the Army,* 677 F.2d 131, 1982 (C.A.D.C.).

Accordingly, costs to plaintiff as the prevailing party. Such costs will be taxed by the Clerk upon the filing by plaintiff of a duly executed bill of costs.

### APPENDIX A

| No. | Name | Fee Claimed | Expenses Claimed |
|---|---|---|---|
| 231–80C | Bird, Matthew H. | $ 2,343.75 | $ 24.25 |
| 232–80C | Bryan, Gerald | 1,781.15 | 24.25 |
| 233–80C | Folz, Joseph J. Jr. | 1,968.74 | 24.25 |
| 234–80C | Love, Kenneth W. | 1,812.50 | 24.25 |
| 235–80C | Minkow, Gerald L. | 2,250.00 | 24.25 |
| 237–80C | Schiff, Stephen D. | 2,125.00 | 24.25 |
| 238–80C | Shelton, Bradley L. | 2,031.25 | 24.25 |
| 239–80C | Thompson, Walter P. | 2,593.75 | 24.25 |
| 240–80C | Wareham, Ralph I., II | 2,531.25 | 24.25 |
| 274–80C | Boller, Theodore B. | 2,031.25 | 24.25 |
| 284–80C | Liberty, James V. | 2,218.75 | 24.25 |
| 299–80C | King, Yvonne R. | 1,781.25 | 24.25 |
| 316–80C | Greenberger, Harvey | 1,750.00 | 24.25 |

24. *Cf. Tyler Business Services, Inc. v. National Labor Relations Board,* 680 F.2d 338, 1982 (4th Cir.); *Underwood v. Pierce, supra; Gava v. United States,* Ct.Cl. No. 317–78 (Opinion of Trial Judge Miller, filed July 20, 1982, pp. 7– 20); *Kay Mfg. Co. v. United States,* 676 F.2d 555 p. 556 n. 4 (Opinion of Trial Judge Yannello, Ct.Cl.1982).

25. *Cf. Gava v. United States, supra,* n. 24.

| No. | Name | Fee Claimed | Expenses Claimed |
|---|---|---|---|
| 367–80C | Coyle, Theodore R. Jr. | $2,093.75 | $24.25 |
| 368–80C | Hale, Stephen E. | 2,125.00 | 24.25 |
| 377–80C | Davenport, Anthony | 2,593.75 | 24.25 |
| 382–80C | Bridges, Mark J. Jr. | 1,906.25 | 24.25 |
| 386–81C | Ensminger, James F. III | 1,562.50 | 24.25 |
| 387–80C | Claypool, Stanley R. | 1,750.00 | 24.25 |
| 397–80C | Ryan, Patrick J., Sr. | 1,875.00 | 24.25 |
| 398–80C | Walters, Thomas H. | 1,650.00 | 24.25 |
| 423–80C | Case, George A. | 2,093.75 | 24.25 |
| 567–80C | White, Robert H. | 2,031.25 | 24.25 |
| 590–80C | McPike, Harry M. | 1,593.75 | 24.25 |
| 609–80C | Kelly, Ralph W. | 1,718.75 | 24.25 |
| 621–80C | Schlesinger, Michael | 1,706.25 | 24.25 |
| 644–80C | Solze, James, W. Jr. | 1,500.00 | 24.25 |
| 660–80C | Gusty, James | 2,850.00 | 55.80 |
| 285–81C | O'Donovan, Brendan | 3,343.75 | 24.25 |
| 333–81C | Justi, Dennis K. | 2,125.00 | 24.25 |
| 387–81C | Hunt, John J. | 1,468.75 | 24.25 |
| 573–81C | Gabourie, David | 1,843.75 | 24.25 |
| 718–81C | Melson, Jerry L. | 968.75 | 24.25 |