RICHARD E. AND ELLEN GAY BENSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Benson v. Commissioner
Docket No. 29695-81.
United States Tax Court
T.C. Memo 1983-74; 1983 Tax Ct. Memo LEXIS 723; 45 T.C.M. (CCH) 672; T.C.M. (RIA) 83074; February 2, 1983. Richard E. Benson, pro se. Jerome F. Warner, for the respondent. COHEN
MEMORANDUM OPINION COHEN, Judge: This case is somewhat unique. When the matter was called for trial, respondent conceded (as he had in prior communications with petitioner) that there was no deficiency due from petitioners and further that there was an overpayment due to petitioners in the amount of $174. Petitioner Richard E. Benson (petitioner) refused to execute the decision document tendered by respondent and demanded his "day in court" for the purpose of complaining of alleged misconduct of respondent and in order to demand attorney's fees and costs, assertedly under the Equal Access to Justice Act. In open court the petitioner stated that he was not entitled to the refund and refused it. At the time of filing the *724 petition herein, petitioners resided in Eden, New York. Their 1978 joint individual tax return was filed with the Internal Revenue Service Center, at Andover, Massachusetts. In a notice of deficiency dated September 9, 1981, respondent determined that there was a deficiency in self-employment tax due from petitioners for the taxable year 1978 in the amount of $246.22. That determination was based upon treatment of certain rental income reported on Supplemental Income Schedule E as earnings from self-employment, apparently as a result of an erroneous conclusion that the income was farm self-employment income. The petition herein alleged in part: 5. The Court will note from the photostat of the petitioners' 1978 Schedule SE, attached hereto as Exhibit D, that $1,800 of the $5191 crop rent was entered under Part II b. as earned income from managing the 200 acres of farmland AND that self-employment tax was paid on $1,800 of said $5,191 crop rent. FURTHER, the petitioners have acquiesed [sic] to the ruling of said Commissioner that in 'earning' said $5,191, Richard E. Benson became a phamtom [sic] farmer and as such Richard E. Benson is willing to pay self-employment tax on *725 the entire $5,191 in order to offset phamtom [sic] farming expenses against other income of the petitioners per their amended return for the calendar year of 1978 in accordance with Exhibit E attached. 6. The petitioners pray that this Court Try this case and either rule that the petitioners are entitled to the refund claimed or rule that the Commissioner has been guilty of gross neligence in persistently relying on heresay [sic] supplied by the Social Security Administration rather than making his own review of the 1978 return of the petitioners, thereby causing them expense and loss of time in excess of $1,000.00 for which they should be reimbursed by the Commissioner, plus triplepunitive damages. After the matter was set for trial, respondent's counsel acknowledged error and advised petitioner of a new determination that there were no deficiencies for the taxable year 1978. When petitioner indicated a desire to proceed to trial with respect to the claim for refund set forth in the petition, attorney's fees, and costs, respondent's counsel advised petitioner that respondent would also concede as due to petitioner the amount of self-employment tax reported and paid on *726 the return in relation to $1,800 received as "manager" of the property producing the rental income. Respondent attributed the concession of overpayment to his conclusion that the amount involved did "not warrant the time or expense of litigating this issue." Petitioner perceives the tendered concession of overpayment as an inducement to him to forego bringing to the attention of appropriate authorities his allegations of official misconduct and personal mistreatment on the part of various agents of respondent. Petitioner served three subpoenas on agents of respondent, returnable at the time of trial. Respondent moved to quash the subpoenas. Petitioner was permitted to make an offer of proof with respect to his claims of misconduct. The Court then ruled that the proposed proof was irrelevant to any issue in the case in view of respondent's concession of no deficiency and quashed the subpoenas. Based upon respondent's concession, the Court finds that there is no deficiency in taxes. The concession of an overpayment has been repudiated by petitioner and was offered as a means of avoiding unnecessary expenditure of time of counsel and of the Court. Because that tender was rejected *727 by petitioner and because the determination of overpayment cannot be based independently on any other evidence in the record, the Court declines to find an overpayment. See section 6512(b), Internal Revenue Code of 1954, as amended and in effect during the year here in issue. With respect to petitioner's claim for attorney's fees and costs, the Court does not at this time or in this case have jurisdiction to make such an award under the Equal Access to Justice Act, Pub. L. 96-481, 94 Stat. 2321, 2325 (effective October 1, 1981) [codified in pertinent part at 5 U.S.C. sec. 504(a)(1) and 28 U.S.C. sec. 2412 (Supp. V. 1981)], or any other authority. [1]McQuiston v. Commissioner,78 T.C. 807 (1982), on appeal (9th Cir., Sept. 17, 1982). In any event, the Court is not persuaded that the circumstances described by petitioner are so egregious as to require further detail or discussion. *728 Decision (no deficiency) will be entered for petitioners.
Footnotes
1. As to litigation, commenced after February 28, 1983, and before December 31, 1985, the subject of fees and costs will be governed by the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 292, 96 Stat. 572-574.↩