PETER BERSHESKY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bershesky v. Commissioner
Docket No. 15129-81.
United States Tax Court
T.C. Memo 1983-452; 1983 Tax Ct. Memo LEXIS 337; 46 T.C.M. (CCH) 906; T.C.M. (RIA) 83452; August 1, 1983. Peter Bershesky, *339 pro se. Ricardo A. Cadenas, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax and additions to tax for failure to file and negligence (sections 6651(a) and 6653(a), respectively, of the Code) [1] as follows: Deficiency
Delinquency Addition
Negligence Addition
Year
in Tax
Section 6651(a)
Section 6653(a)
1971
$17,486.56
$4,371.64
$874.33
1972
467.00
116.75
23.35
1973
83,097.60
20,774.40
4,154.88
1974
26,302.13
1,315.11
1975
64,431.54
16,107.89
3,221.58
1976
79,789.02
19,947.26
3,989.45
1977
148,122.34
7,406.12
The primary issues for our decision involve substantiation of gambling loss deductions for the above years [2] and whether petitioner is also liable for the additions to tax as set forth in the preceding schedule. *340 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, supplemental stipulation of facts and accompanying exhibits are so found and incorporated herein by reference. At the time he filed his petition, petitioner resided in Margate, Florida. Petitioner filed timely Federal income tax returns for 1974 and 1977 with the Internal Revenue Service on January 22, 1975, and March 10, 1978, respectively. Petitioner, however, failed to file any Federal income tax returns with the Internal Revenue Service for the taxable years 1971, 1973, 1975, and 1976. The Internal Revenue Service conducted a nationwide records search for petitioner's Federal income tax returns with respect to all of the years in question and only found his 1974 and 1977 returns. It did not locate petitioner's Federal income tax returns for the taxable years 1971, 1973, 1975, or 1976. Petitioner is a professional gambler who, during the years 1971 through 1977, inclusive, derived his livelihood primarily from winnings at various horse tracks, dog tracks, jai-alai frontons, and other gambling establishments throughout the United States. During such years, he maintained no principal *341 residence and thus transiently migrated amongst various states while pursuing his wagering endeavors. For the years in issue, his gross gambling winnings reflected on information returns (Forms 1099 and their successor, Forms W-2G) issued by the gambling establishments with respect to a portion of his winnings [3] were as follows: Year
Gross Gambling Winnings
1971
$47,669.26
1973
145,618.00
1974
61,522.00
1975
120,428.50
1976
141,548.60
1977
250,921.20
Petitioner failed to maintain records reflecting his gambling activities. He did not compile any schedules of his wagering affairs in Las Vegas, Nevada. The petitioner reported gross income of $1,086.28 on his 1974 return but failed to report any gambling earnings, despite the presence of information returns disclosing gross winnings of at least $61,522. On his 1977 Federal income tax return, petitioner listed gross gambling receipts of $234,194.10, which he offset with $204,194.10 of losses, while relevant information *342 returns indicated at least $250,921.20 of gross winnings. Petitioner also received additional gambling receipts for each of the years in question for which no information returns were issued. In his statutory notice of deficiency mailed to petitioner on March 30, 1981, the Commissioner determined petitioner's gross gambling winnings for the years in issue by totaling the information returns issued by the various gambling establishments which petitioner frequented. Despite petitioner's receipt of additional winnings from such wagering activities with respect to the years in question for which no information returns were rendered, the Commissioner has not sought to increase petitioner's gross gambling winnings beyond those set forth in the preceding schedule. Petitioner's asserted gambling losses were denied for lack of substantiation. OPINION Petitioner is a professional gambler who derived almost all of his livelihood for taxable years 1971, 1973, 1974, 1975, 1976, and 1977 from winnings on horse and dog races, jai-alai and other assorted wagering activities. At trial, petitioner had no personal records covering either his gambling activities or income tax liabilities for *343 any of the years in issue. A nationwide records search conducted by the Internal Revenue Service for any of petitioner's Federal income tax returns with respect to the years in issue produced only his 1974 and 1977 taxable year returns. No Federal income tax returns of petitioner were located with respect to the taxable years 1971, 1973, 1975, and 1976. Based upon the information returns issued to petitioner by the gambling establishments he frequented, the parties agreed to his gross wagering receipts as set forth in the preceding schedule. [4] Petitioner, however, admitted during cross-examination to receiving additional winnings for all of the years in issue for which no information returns were prepared and thus are not included within the aforementioned earnings schedule. The first question for our determination pertains to whether petitioner is entitled *344 to any deductions for gambling losses sustained by him for any of the years in issue.Section 165(d) of the Internal Revenue Code provides that "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions." Under section 1.165-10, Income Tax Regs., such losses are limited to the extent of the gains during the taxable year from such transactions. The petitioner has the burden of proving that his alleged losses were in fact sustained; the issue is a factual one, to be decided on the basis of all the evidence. Fogel v. Commissioner,237 F.2d 917 (6th Cir. 1956), affg. per curiam a Memorandum Opinion of this Court; Green v. Commissioner,66 T.C. 538, 544 (1976). And when, as in the instant case, the petitioner has admitted receiving unreported winnings, this Court has consistently held that the taxpayer must establish that his losses for a given year exceeded the unreported winnings in order to be able to deduct any such losses. Donovan v. Commissioner,359 F.2d 64 (1st Cir. 1966), affg. per curiam a Memorandum Opinion of this Court; Schooler v. Commissioner,68 T.C. 867, 869 (1977). *345 Respondent contends that petitioner has failed to meet his burden of proving gambling losses he may have sustained for all of the years in issue due to petitioner's failure to introduce any documentation of such alleged losses at trial.Petitioner maintains that although he compiled extremely detailed records of his gambling activities for all of the years in question, pursuant to his document retention system, all tax returns and supporting documentation were routinely destroyed three years after filing in accordance with the statute of limitations. Section 1.6001-1(a), Income Tax Regs., requires taxpayers to maintain "such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return * * *." Review of the immediate record clearly demonstrates that petitioner failed to maintain accurate records of his gambling activities with respect to the years in issue and thus did not comply with such provision. This is evidenced by the following: (1) petitioner's 1974 tax return which discloses no gambling winnings despite the presence of information *346 returns indicating $61,522 of wagering receipts; (2) petitioner's 1977 tax return listing $234,194.10 of gambling winnings despite the presence of information returns indicating $250,921.20 of wagering receipts; (3) the petitioner's own admission at trial that he received gambling winnings other than those included in such information returns for all the years in issue; (4) the petitioner's admission at trial that he maintained no records of his gambling activities in Las Vegas, Nevada, with respect to the years in issue. Further, petitioner's explanation concerning his total lack of substantiating documentation, i.e., his three-year document retention system for his tax returns and supporting records, seems quite implausible given his transient nature while pursuing his gambling activities for the years in issue.Petitioner testified that he maintained no principal residence for any of the years in issue as he migrated amongst various gambling institutions throughout the United States. He also stated that his extensive wagering activities would generate approximately 250-400 pounds of records per year. Given petitioner's alleged three-year document retention system, this would *347 have required him to continually transport approximately 750-1,200 pounds of records throughout such transient gambling expeditions, a conclusion we are unwilling to accept in the absence of any other credible corroborating evidence.
Even if we were to accept petitioner's self-serving declarations that he did maintain the appropriate records for three years before discarding them, we note that section 1.6001-1(e), Income Tax Regs., states that the books and records required by section 1.6001-1(a), Income Tax Regs., "shall be retained so long as the contents thereof may become material in the administration of any internal revenue law." Such gambling records are clearly material to the immediate proceedings, yet petitioner no longer possesses them. Finally, the period of limitations on assessment does not expire if no return is filed. Sec. 6501(c)(3). Petitioner filed no returns for the taxable years 1971, 1973, 1975, and 1976. Therefore, although it intuitively follows that petitioner must have sustained some losses given his substantial gross earnings as set forth in the preceding schedule, his total lack of accurate documentation or other credible corroborating evidence concerning *348 his gambling activities affords us no basis to conclude that his losses exceeded his unreported earnings for any of the years in issue. Donovan v. Commissioner,supra;Schooler v. Commissioner,supra.
Further, given such absence of substantiating records and petitioner's failure to introduce any evidence at trial other than his own self-serving testimony, we decline to apply the rule of Cohan v. Commissioner,39 F.2d 540, 543 (2d Cir. 1930), which permits deductions based upon estimates when satisfactory evidence of the alleged expenditures is provided.Accordingly, we must hold that the petitioner has failed to carry his burden of proof with respect to the gambling loss substantiation issue and that his gross gambling winnings are taxable as determined by the Commissioner for the years in question. The second issue for our determination pertains to the additions to tax which the Commissioner has sought to impose with respect to petitioner's tax liabilities pursuant to section 6651(a) for failing to file Federal income tax returns for the taxable years 1971, 1973, 1975, and 1976. Petitioner testified that he always files *349 his Federal income tax returns during the first week of January, that he filed such returns for the years in issue, and that the Commissioner must have misplaced them. Respondent introduced evidence that a nationwide records search produced no Federal income tax returns filed by petitioner for taxable years 1971, 1973, 1975, and 1976. Petitioner offered no retained copies of returns for those years. In his pleadings, petitioner generally alleged that the Commissioner's determination of such additions was arbitrary and erroneous, yet petitioner offered no evidence at trial other than his self-serving testimony concerning whether the returns in issue were filed. Further, petitioner's testimony that he always files his Federal income tax returns during the first week of January is blatantly contradicted by the parties' joint stipulation which included petitioner's 1974 and 1977 tax returns which are dated January 22, 1975, and March 10, 1978, respectively. Finally, petitioner's explanation for his lack of personal copies of the tax returns in issue, i.e., the use of a three-year document retention system, has been rejected by this Court due to the absence of credible corroborating *350 evidence and its implausibility given his transient lifestyle during the years in issue. Therefore, we hold that petitioner has failed to satisfy his burden of proving that respondent's determination of such additions to tax pursuant to section 6651(a) was in error as required by Rule 142(a), Tax Court Rules of Practice and Procedure.
The third issue for our determination concerns the additions to tax which the Commissioner has sought to impose upon the petitioner pursuant to section 6653(a) for the negligent underpayment of his Federal income tax liabilities for the taxable years 1971, 1973, 1974, 1975, 1976, and 1977. As discussed earlier, petitioner failed to file income tax returns for 1971, 1973, 1975, and 1976.Further, petitioner significantly understated his income for 1974 and 1977 and maintained totally inadequate records of his wagering activities for all of the years in issue. Such failure to keep adequate gambling records alone can sustain a finding of negligent underpayment. Mack v. Commissioner,429 F.2d 182, 184 (6th Cir. 1970), affg. a Memorandum Opinion of this Court. Petitioner has offered no explanation concerning such underpayments. Accordingly, *351 the additions to tax under section 6653(a) must be approved. Finally, we will quickly dispatch petitioner's other arguments, all of which are totally without merit. Petitioner's first contention that he was not required to file any of the income tax returns in question is wrong. Sec. 1.6011-1(a), Income Tax Regs. Petitioner's statute of limitations argument is equally ludicrous. The period of limitations never began to run with respect to petitioner's 1971, 1973, 1975, and 1976 tax years because he failed to file returns for such years. Sec. 6501(c)(3). The mailing of the statutory notice of deficiency for the taxable year 1974 was timely because petitioner omitted in excess of 25 percent of gross income. Sec. 6501(e).Further, the Commissioner's mailing of the statutory notice of deficiency as to the taxable year 1977 was also timely because it was mailed within three years of the date the return was due to be filed. Secs. 6501(a) and 6501(b). Thus, none of the immediate proceedings are barred by the statute of limitations. Petitioner's self-incrimination defense pursuant to the Fifth Amendment to the United States Constitution is equally spurious. Petitioner waived any *352 possible Fifth Amendment claims when he voluntarily testified at trial on his own behalf. United States v. Pilcher,672 F.2d 875, 877 (11th Cir. 1982). Further, while a taxpayer's source of income could plausibly fall within the purview of a valid Fifth Amendment claim, statutes and regulations requiring taxpayers to identify their amounts of income on tax returns do not violate this important constitutional provision. United States v. Johnson,577 F.2d 1304, 1311 (5th Cir. 1978). Therefore, petitioner's Fifth Amendment rights have not been violated. Finally, this Court cannot lawfully award attorney fees or costs in the immediate proceeding [5] nor can it grant any immunity from criminal prosecution. [6]
Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended. ↩
2. The respondent has subsequently conceded that there are no deficiencies or additions to tax with respect to petitioner's tax liabilities for the taxable year 1972 during which petitioner was incarcerated in various Federal correctional institutions for approximately 10 months.↩
3. For example, in 1977, such information returns were required only with respect to net payments from racetrack wagering pools in excess of $600. Sec. 1.6041-1(a), Income Tax Regs.↩
4. Although petitioner initially stipulated to such amounts, he subsequently contended that many of the information returns which comprised the aforementioned earnings schedule were not his gambling winnings. At trial, however, petitioner offered no evidence on this issue; hence, we will accept his prior stipulations.↩
5. Although this Court can award attorney fees and costs pursuant to sec. 7430 in actions commenced after February 28, 1983, it has no similar authority with respect to proceedings begun prior to such date. McQuiston v. Commissioner,78 T.C. 807↩ (1982). 6. The United States Tax Court is a civil tribunal of limited jurisdiction. Sec. 7442.↩