CHARLES A. ALFIERI AND JEAN A. ALFIERI, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2796–71.   Filed May 23, 1973.

*Thomas J. Carley*, for the petitioner.
*H. Stephen Kesselman*, for the respondent.

#### OPINION

SCOTT, *Judge:* Respondent determined a deficiency in petitioners' income tax for the calendar year 1968 in the amount of $48.28.

The issue for decision is whether petitioners are liable for the deficiency as determined by respondent and whether they are entitled to a refund of the $337.76 paid as tax for the year 1968 because of respondent's failure to mail to petitioners' attorney a copy of the notice of deficiency issued to petitioners.

Charles A. and Jean A. Alfieri, husband and wife, resided at Tappan, N.Y., at the time they filed their petition in this case. They filed a joint Federal income tax return for the calendar year 1968 with the district director of internal revenue, Manhattan, New York.

During the taxable year 1968 Charles A. Alfieri (hereinafter referred to as petitioner) was employed as a carpenter. During this year petitioner drove a total of 3,195 miles between his home and the job on which he was working.

On November 11, 1970, Thomas J. Carley mailed to the district director, Internal Revenue Service, White Plains, N.Y., a letter on stationery showing him to be an attorney at law with his address. This letter was stated to be in regard to Form 1040 for the year 1968 of the petitioners in this case. Insofar as here pertinent, the letter stated as follows:

Pursuant to 5 U.S.C. section 500, take notice that the undersigned represents the taxpayer(s) herein. The undersigned is a member in good standing of the bar of the highest court of the State of New York and is currently qualified as provided by subsection (b) 5 U.S.C. section 500 and is authorized to represent the particular person in whose behalf he acts.

* * * * * * *

Your Report dated 11-9-70 is not accepted. Request is hereby made for a District Conference at my office in ROCKVILLE CENTRE, NEW YORK.

This letter was received by respondent's agents in December 1970.

On February 4, 1971, respondent mailed to the petitioners in this case at their proper address the notice of deficiency upon which this case is based. A copy of this statutory notice of deficiency was not sent to Thomas J. Carley. On March 27, 1971, the petition in this case was filed signed by Thomas J. Carley as attorney for petitioners and verified by petitioners. Attached to this petition is a copy of the notice of deficiency mailed to petitioners on February 4, 1971.

Respondent in his notice of deficiency disallowed $258.69 of the miscellaneous deductions claimed by petitioners on their tax return, explaining that petitioners had not verified the claimed deductions to that extent. In the petition error was assigned to the disallowance by respondent of a portion of petitioners' claimed miscellaneous deduction and further a refund of the entire tax which had been paid was claimed. In support of the claim for refund of all the tax paid, the petition alleges that no copy of the notice of deficiency "was given or served on petitioners' attorney."

On brief petitioners make no argument that the record here substantiates the $258.69 of deductions by petitioners which were disallowed by respondent. There is no evidence in the record to show any error on the part of respondent in disallowing these deductions as a matter of correct computation of petitioners' tax liability. The argument made by petitioners on brief is that respondent violated the provisions of the Administrative Procedures Act requiring that where

a notice is sent by an agency to a person who is represented by an attorney, a copy of the notice be sent to the attorney. 5 U.S.C. sec. 500.[1]

Petitioners' argument is that where a notice of representation in accordance with the provisions of 5 U.S.C. sec. 500 has been filed with the Internal Revenue Service, "that Internal Revenue may not have any advantage whatever (monetary or otherwise) where the taxpayers' rights of representation are ignored or violated by Internal Revenue in any manner." Petitioners contend that this Court at least should enter a decision that there is no deficiency in income tax due from petitioners or that this Court should declare the notice of deficiency sent to petitioners in this case in accordance with section 6212, I.R.C. 1954,[2] to be invalid and nonsupportive of an assessment because the Secretary or his delegate did not follow the mandatory procedure required by 5 U.S.C. 500, subsection (f) in this case.[3]

---

[1] 5 U.S.C. sec. 500. Administrative practice; general provisions.

(a) For the purpose of this section—

(1) "agency" has the meaning given it by section 551 of this title; and

(2) "State" means a State, a territory or possession of the United States including a Commonwealth, or the District of Columbia.

(b) An individual who is a member in good standing of the bar of the highest court of a State may represent a person before an agency on filing with the agency a written declaration that he is currently qualified as provided by this subsection and is authorized to represent the particular person in whose behalf he acts.

(c) An individual who is duly qualified to practice as a certified public accountant in a State may represent a person before the Internal Revenue Service of the Treasury Department on filing with that agency a written declaration that he is currently qualified as provided by this subsection and is authorized to represent the particular person in whose behalf he acts.

(d) This section does not—

(1) grant or deny to an individual who is not qualified as provided by subsection (b) or (c) of this section the right to appear for or represent a person before an agency or in an agency proceeding;

(2) authorize or limit the discipline, including disbarment, of individuals who appear in a representative capacity before an agency;

(3) authorize an individual who is a former employee of an agency to represent a person before an agency when the representation is prohibited by statute or regulation; or

(4) prevent an agency from requiring a power of attorney as a condition to the settlement of a controversy involving the payment of money.

(e) Subsections (b)–(d) of this section do not apply to practice before the Patent Office with respect to patent matters that continue to be covered by chapter 3 (sections 31–33) of title 35.

(f) When a participant in a matter before an agency is represented by an individual qualified under subsection (b) or (c) of this section, a notice or other written communication required or permitted to be given the participant in the matter shall be given to the representative in addition to any other service specifically required by statute. When a participant is represented by more than one such qualified representative, service on any one of the representatives is sufficient. (Added Pub. L. 90–83, section 1(1) (A), Sept. 11, 1967, 81 Stat. 195.)

[2] All references are to the Internal Revenue Code of 1954.

[3] Petitioners also contend that certain provisions of the Administrative Procedures Act were violated by respondent because respondent refused to deal with Thomas J. Carley as petitioners' attorney in discussing petitioners' case or attempting to settle petitioners' case and list the issues to be decided as the following:

(1) Whether taxpayers are entitled to be represented before Internal Revenue.

(2) Whether Internal Revenue may withhold from taxpayers the right to be represented before Internal Revenue.

(3) What consequences flow from Internal Revenue's withholding of taxpayers' right

Except in certain excepted circumstances not applicable here, before respondent may assess a deficiency against a taxpayer, he is required, under the provisions of section 6212(a), to send to that taxpayer by certified mail or registered mail at the taxpayer's last known address, a notice of deficiency. Section 6213(a) provides that within 90 days after the notice of deficiency authorized in section 6212 is mailed, the taxpayer may file a petition with this Court for a redetermination of the deficiency. In numerous cases we have considered whether the statutory requirements of a properly addressed deficiency notice were met. See, for example, *Robert L. Bunnel*, 50 T.C. 837, 842 (1968). Where no valid deficiency notice has been issued to a taxpayer for a particular year, this Court has consistently held that it is without jurisdiction to hear a case based on a petition for redetermination of income taxes for that year. *Theodore Stanfield et al.*, 8 B.T.A. 787, 819 (1927).

In the instant case respondent mailed a proper notice of deficiency to petitioners under the requirement of section 6212 and petitioners filed their petition within 90 days thereafter in accordance with the provisions of section 6213(a). Therefore this Court has jurisdiction to redetermine petitioners' tax for the year 1968 on the basis of the merits unless there is something in the provisions of 5 U.S.C. sec. 500 which in some way modifies the provisions of sections 6212 and 6213 of the Internal Revenue Code. In our view, the provisions of the Internal Revenue Code are not modified by this provision of the Administrative Procedures Act. As we pointed out in *Jack D. Houghton*, 48 T.C. 656, 664 (1967), the legislative purpose of the provisions of 5 U.S.C. sec. 500 is to do away with agencies' establishing requirements for licensed attorneys to be specifically admitted to practice before the administrative agency. See H. Rept. No. 1141, 89th Cong., 1st Sess., 2 U.S. Cong. & Admin. News 4171 (1965), where the purpose of the provisions of 5 U.S.C. sec. 500 is stated to be "to provide, as far as practicable, for the rights of persons to be represented by any attorney in good standing in matters before Federal agencies" and to require the agencies "to deal with a representative qualified in the manner provided by the bill." The remedy, if any, that petitioners might have under the provisions of 5 U.S.C. sec. 500 is not having the notice of deficiency sent in accordance with all of the provisions of the Internal Revenue Code held to be invalid.

to be represented before Internal Revenue.

Petitioners suggest that they have been deprived of equal protection of the law and due process of law as a consequence of Internal Revenue Service's failure to deal with their counsel. There is no evidence in this fully stipulated case concerning what dealings, if any, respondent's representatives had with petitioners' counsel or to support the many statements in petitioners' brief to the effect that representatives of the Internal Revenue Service refused to deal with petitioners' counsel. We, therefore, do not have a factual basis for considering the contentions of petitioners based on these alleged facts which are not shown by the record in this case.

The record in this case shows that the attorney who gave notice to the Internal Revenue Service in accordance with 5 U.S.C. sec. 500 is the same attorney who filed the petition in this case. From this, it is clear that petitioners' attorney did in some manner come by a copy of the deficiency notice well within the 90-day period allowed for filing a petition in this Court. It therefore appears that in this case petitioners were in no way harmed by a failure of the Commissioner to send a copy of the notice of deficiency to their attorney. Under these circumstances, even if we considered the failure of respondent to send a copy of the notice of deficiency to petitioners' counsel to be error in the deficiency notice, which we do not, the error would be a harmless error which we have held in a number of cases may be waived by filing a petition from the notice with this Court, and where waived, does not require a dismissal of the case. *Saint Paul Bottling Co.*, 34 T.C. 1137 (1960).

In *Garvey* v. *Freeman*, 397 F. 2d 600 (C.A. 10, 1968), it was held that the provisions of the Administrative Procedures Act, 5 U.S.C. secs. 500 *et seq.*, were waived by a person who failed to invoke the provisions of that Act at the administrative level. We need not here pass on whether petitioners waived the requirement of the Administrative Procedures Act in filing a petition from the notice of deficiency with this Court. As we pointed out in *Vincent O. Nappi, Jr.*, 58 T.C. 282, 284 (1972), the provisions of the Administrative Procedures Act, 5 U.S.C. secs. 500 *et seq.*, apply to an "agency" of the Government and are not applicable to this Court which is established by section 7441, I.R.C. 1954, as amended by section 951 of Pub. L. 91–172 (Dec. 30, 1969), as a court of record under article I of the Constitution.

Petitioners in this case have neither alleged nor proved estoppel, nor have they offered any evidence that respondent's determination in his notice of deficiency issued to petitioners in accordance with the provisions of section 6212 was arbitrary. The mere fact that respondent did not send a copy of the notice of deficiency to petitioners' counsel does not cause the notice to be arbitrary or justify a decision that any error exists in respondent's determination.

*Decision will be entered for the respondent.*