JOHNNY E. JACKSON AND MARY L. JACKSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jackson v. Commissioner
Docket No. 30188-82.
United States Tax Court
T.C. Memo 1983-779; 1983 Tax Ct. Memo LEXIS 15; 47 T.C.M. (CCH) 773; T.C.M. (RIA) 83779; December 27, 1983. J. H. Wegge, for the petitioners. Darren Larsen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Daniel J. Dinan for hearing on respondent's motion to dismiss for lack of jurisdiction. The Court agrees with and adopts his Opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction because the petition in *16 this proceeding was not filed within 90 days after the mailing of the notice of deficiency, as provided by section 6213(a). [1]
On April 7, 1982, respondent sent a statutory notice of deficiency by certified mail to petitioners at their place of residence. It was returned to respondent "unclaimed" on April 30, 1982. Petitioners had a power of attorney on file with respondent requesting that copies of all correspondence be sent to their attorney. No notice, however, was sent to petitioners' attorney. The petition in this case was filed with the Court on December 21, 1982, 258 days after the deficiency notice was mailed. Respondent contends that a valid notice of deficiency pursuant to section 6212 was issued to petitioners and that they did not file their petition within the 90-day period prescribed by section 6213(a). Petitioners argue that, because (1) they had a power of attorney on file with the Internal Revenue Service and (2) their counsel orally directed a revenue agent to use his law firm's address, the deficiency notice sent to their residence did not meet *17 the notice requirements of section 6212(b)(1). Essentially, their argument is that if the statutory notice had been given to their counsel, the petition would have been filed within the prescribed period. That argument is without merit. The power of attorney executed by petitioners and filed with respondent did not change petitioners' last known address to their attorney's address. Since the power of attorney requested only that "copies of," rather than "all," correspondence be sent to petitioners' attorney, notice sent only to petitioners and not their attorney is proper. Allen v. Commissioner,29 T.C. 113 (1957); Houghton v. Commissioner,48 T.C. 656 (1967). Such copies are a matter of courtesy and in no way affect the mailing requirements of section 6212. Houghton v. Commissioner,supra at 661. Further, although oral communication, if clear and concise, may be sufficient to notice a change of address, DeWelles v. United States,378 F.2d 37, 39 (9th Cir. 1967), cert. denied 389 U.S. 996 (1967), we are unconvinced that petitioners' counsel clearly instructed respondent's agent to send all *18 correspondence to his office address. Petitioners' alternative contention is that respondent violated the provisions of the Administrative Procedure Act requiring that, where notice is sent by an agency to a person represented by an attorney, a copy of the notice be sent to the attorney. 5 U.S.C. section 550. Petitioners' argument is inapposite. The jurisdiction of this Court in this action is premised upon the provisions of sections 6212 and 6213. The administrative procedure provisions do not apply to this Court. Nappi v. Commissioner,58 T.C. 282, 284 (1972); Alfieri v. Commissioner,60 T.C. 296, 300 (1973), affd. 487 F.2d 1393 (2d Cir. 1973). See also McQuiston v. Commissioner,78 T.C. 807 (1982), affd. 707 F.2d 1082 (9th Cir. 1973). We hold that the notice of deficiency mailed to petitioners' residence was sent to their last known address. Therefore, the notice was valid even though it might not have been received. Section 6212(b)(1). See Frieling v. Commissioner,81 T.C. 42, 48 (1983), and cases cited thereon. Having determined that the April 7, 1982, notice *19 of deficiency was sent to petitioners at their last known address, it follows that the petition filed in this case on December 21, 1983, was untimely. Since this Court has no jurisdiction unless the petition is timely filed, Price v. Commissioner,76 T.C. 389 (1981), respondent's motion to dismiss the case for lack of jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩