ROBERT T. BROOKS AND PAMELA H. BROOKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brooks v. Commissioner
Docket No. 30194-82.
United States Tax Court
T.C. Memo 1984-20; 1984 Tax Ct. Memo LEXIS 647; 47 T.C.M. (CCH) 895; T.C.M. (RIA) 84020; January 11, 1984. J. H. Wegge, for the petitioners. Darren Larsen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Daniel J. Dinan for hearing on respondent's motion to dismiss for lack of jurisdiction. The Court agrees with and adopts his Opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction because the petition in *648 this proceeding was not filed within 90 days after the mailing of the notice of deficiency, as provided by section 6213(a). [1]
An Internal Revenue Service notice of deficiency regarding petitioners' 1975 through 1980 taxes was sent on June 3, 1982, by certified mail to petitioners at their residence in Santa Barbara, California. Petitioners deny having received that letter. The Santa Barbara Post Office has no record that it attempted to deliver the notice, and it was never returned to respondent. No notice was sent to petitioners' attorney, though petitioners had a power of attorney on file with respondent requesting that copies of all correspondence be sent to their attorney. The petition in this case was filed with the Court on December 24, 1982, 210 days after the deficiency notice was mailed. Respondent contends that a valid notice of deficiency pursuant to section 6212 was issued to petitioners and that they did not file their petition within the 90-day period prescribed by section 6213(a). Petitioners raise a number of contentions. Initially, they argue *649 that, because (1) they had a power of attorney on file with the Internal Revenue Service, and (2) their counsel orally directed a revenue agent to use his law firm's address, which was listed on petitioners' 1981 return, the deficiency notice sent to their residence did not meet the notice requirements of section 6212(b)(1). Alternatively, petitioners contend that, even if their residence was their "last known address" to respondent, the statutory notice was not properly mailed to them at that address. Lastly, petitioners maintain that respondent violated the provisions of the Administrative Procedures Act in failing to send a copy of the notice to their attorney. We will address petitioners' contentions in the order presented. The power of attorney executed by petitioners and filed with respondent did not change petitioners' last known address to their attorney's address. Since the power of attorney requested only that "copies of," rather than "all," correspondence be sent to petitioners' attorney, notice sent only to petitioners and not their attorney is proper. Allen v. Commissioner,29 T.C. 113 (1957); Houghton v. Commissioner,48 T.C. 656 (1967). *650 Such copies are a matter of courtesy and in no way affect the mailing requirements of section 6212. Houghton v. Commissioner,supra at 661. Further, although oral communication, if clear and concise, may be sufficient to notice a change of address, DeWelles v. United States,378 F.2d 37, 39 (9th Cir. 1967), cert. denied 389 U.S. 996 (1967), we are unconvinced that petitioners' counsel clearly instructed respondent's agent to send all correspondence to his office address. Finally, petitioners' filing of their 1981 teturn reflecting their attorney's address was inadequate notice of change of address with respect to the years 1975 through 1980 for which the deficiency notice was issued. Budlong v. Commissioner,58 T.C. 850, 852-53 (1972). We turn now to petitioners' alternative contention that the statutory notice was lost or mishandled within the postal system, thereby depriving them of their opportunity to contest the deficiency in this Court. The evidence in this case indicates that respondent presented a correctly addressed notice of deficiency to postal authorities and had the letter certified to ensure verifiable *651 delivery to petitioners. If fails to show what happened to the letter from that point on, and we will not speculate. Since there is a strong presumption that a properly addressed letter will be delivered, or offered for delivery, to the addressee ( Zenco Engineering Corp. v. Commissioner,75 T.C. 318, 323 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981); United States v. Ahrens,530 F.2d 781 (8th Cir. 1976)), we cannot hold on the evidence before us that the notice of deficiency was not properly mailed to petitioners at their last known address. Even assuming no attempt to deliver the notice was made by the Santa Barbara Post Office, we would not feel compelled to reach a different result. Since the letter was never returned to the Commissioner, he had no way to know something was wrong and thus could not have done anything about it. [2] Of course, the same might be said for petitioners. They may well not have known the notice was placed in the hands of the postal service and thus would be in no better position to do something about it. However, if the notice indeed was lost within the postal system, and each *652 party equally blameless, the consequences properly should fall on the taxpayer. Any other result would render meaningless the clear language of section 6212(b)(1), which requires only proper mailing by the Commissioner, not receipt by the taxpayer. Petitioners' final contention is that respondent violated the provisions of the Administrative Procedures Act requiring that, where notice is sent by an agency to a person represented by an attorney, a copy of the *653 notice be sent to the attorney. 5 U.S.C. sec. 500 (1982). We reject that argument. The jurisdiction of this Court in this action is premised upon the provisions of sections 6212 and 6213. The administrative procedure provisions do not apply to this Court. Nappi v. Commissioner,58 T.C. 282, 284 (1972); Alfieri v. Commissioner,60 T.C. 296, 300 (1973), affd. 487 F.2d 1393 (2d Cir. 1973). See also McQuiston v. Commissioner,78 T.C. 807 (1982), affd. 711 F.2d 1064 (9th Cir. 1983). Having determined that the June 3, 1982, notice of deficiency was properly mailed to petitioners at their last known address, it follows that the petition filed in this case on December 24, 1982, was untimely. Since this Court has no jurisdiction unless the petition is timely filed, Price v. Commissioner,76 T.C. 389 (1981), respondent's motion to dismiss the case for lack of jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Estate of McKaig v. Commissioner,51 T.C. 331 (1968) and Kennedy v. United States,403 F.Supp. 619 (W.D. Mich. 1975), are thus distinguishable. In Estate of McKaig, the postal system diverted the notice and, in Kennedy, never even attempted to deliver it.The unclaimed and undelivered notices were returned to the Internal Revenue Service. The notice in each case was held ineffective since, when the letter was returned, the Commissioner should have known something was wrong, and had information to determine where the taxpayers could be reached. Estate of McKaig v. Commissioner,supra at 336-37; Kennedy v. United States,supra↩ at 624.