MARVIN A. MILLER AND ANN T. MILLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 213-83.
United States Tax Court
T.C. Memo 1984-28; 1984 Tax Ct. Memo LEXIS 641; 47 T.C.M. (CCH) 923; T.C.M. (RIA) 84028; January 16, 1984. J. H. Wegge, for the petitioners. Darren Larsen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Daniel J. Dinan for hearing on respondent's motion to dismiss for lack of jurisdiction. The Court agrees with and adopts his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction because the petition in *642 this proceeding was not filed within 90 days after the mailing of the notice of deficiency, as provided by section 6213(a). [1]
On Aprill 14, 1982, respondent sent a statutory notice of deficiency by certified mail to the address listed by petitioners on a July 1981 power of attorney rather than to their attorney's address shown on their return for the year at issue. Since, in October or November 1981, petitioners had moved from the address to which the notice was sent, they never received the letter. No notice was sent to petitioners' attorney, although the power of attorney on file with respondent requested that copies of all correspondence be sent to their attorney. The petition in this case was filed with the Court on December 30, 1982, 260 days after the deficiency notice was mailed. Respondent contends that a valid notice of deficiency pursuant to section 6212 was issued to petitioners and that they did not file their petition within the 90-day period prescribed by section 6213(a). Petitioners argue that, (1) because they had a power of attorney on file with *643 the Internal Revenue Service and (2) their counsel orally directed a revenue agent to use his law firm's address which was listed on their return for the year at issue, the deficiency notice was not sent to their "last known address" as required by section 6212(b)(1). Alternatively, petitioners maintain that respondent violated the provisions of the Administrative Procedures Act in failing to send a copy of the notice to their attorney. The power of attorney executed by petitioners and filed with respondent did not change petitioners' last known address to their attorney's address. Since the power of attorney requested only that "copies of," rather than "all," correspondence be sent to petitioners' attorney, notice sent only to petitioners and not their attorney is proper. Allen v. Commissioner,29 T.C. 113 (1957); Houghton v. Commissioner,48 T.C. 656 (1967). Such copies are a matter of courtesy and in no way affect the mailing requirements of section 6212. Houghton v. Commissioner,supra at 661. Further, although oral communication, if clear and concise, may be sufficient to notice a change of address, DeWelles v. United States,378 F.2d 37, 39 (9th Cir. 1967), *644 cert. denied 389 U.S. 996 (1967), we are unconvinced that petitioners' counsel clearly instructed respondent's agent to send all correspondence to his office address. Finally, respondent acted reasonably in mailing the notice of deficiency to the address shown on the July 1981 power of attorney even though it was not the address given on their return for the year in issue. Stewart v. Commissioner,55 T.C. 238 (1970); Grubart v. Commissioner,T.C. Memo. 1979-409, affd. without published opinion 633 F.2d 203 (2d Cir. 1980). Petitioners' alternative contention is that respondent violated the provisions of the Administrative Procedures Act requiring that, where notice is sent by an agency to a person represented by an attorney, a copy of the notice be sent to the attorney. 5 U.S.C. sec. 500 (1982). We reject that argument. The jurisdiction of this Court in this action is premised upon the provisions of sections 6212 and 6213. The administrative procedure provisions do not apply to this Court. Nappi v. Commissioner,58 T.C. 282, 284 (1972); Alfieri v. Commissioner,60 T.C. 296, 300 (1973), *645 affd. 487 F.2d 1393 (2d Cir. 1973). See also McQuiston v. Commissioner,78 T.C. 807 (1982), affd. 711 F.2d 1064 (9th Cir. 1983). Having determined that the April 14, 1982, notice of deficiency was properly mailed to petitioners at their last known address, it follows that the petition filed in this case on December 30, 1982, was untimely. Since this Court has no jurisdiction unless the petition is timely filed, Price v. Commissioner,76 T.C. 389 (1981), respondent's motion to dismiss the case for lack of jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩