MILTON F. HINSHAW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; WILMA K. HINSHAW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hinshaw v. Commissioner
Docket Nos. 6359-83, 6360-83.
United States Tax Court
T.C. Memo 1984-250; 1984 Tax Ct. Memo LEXIS 422; 48 T.C.M. (CCH) 71; T.C.M. (RIA) 84250; May 8, 1984. Robert M. Ratchford, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: In these consolidated cases, respondent determined deficiencies in tax against petitioners separately for the calendar year 1980, together with additions to tax, as follows: PETITIONER
DEFICIENCY IN
ADDITIONS TO TAX
INCOME TAX
SECTION 6651
SECTION 6653(a) [1]
Milton F. Hinshaw
$5,836.05
$825.64
$291.80
Wilma K. Hinshaw
4,164.00
At the time their timely petitions herein were filed, petitioners, husband and wife, were residents of Lake Charles, Louisiana. *423 These cases were noticed for trial at a trial session of the Court in New Orleans, Louisiana, beginning on January 23, 1984. When the cases were called, on January 23, 1984, there was no appearance by or on behalf of either petitioner, and no explanation was offered for their absence. Respondent accordingly moved the Court to dismiss these cases for lack of prosecution by petitioners, and said motion was granted. Rule 149(a). In addition, and at that time, respondent moved for the imposition of damages against petitioner Milton F. Hinshaw, under the provisions of section 6673. A review of the record herein establishes the following facts with respect to petitioner Milton F. Hinshaw (hereinafter "petitioner"): [2]
For the year 1980, petitioner filed a separate so-called "tax protester" Form 1040, which supplied no information other than his name, address and social security number; all other relevant lines on the form were marked with the word "object," with the margin *424 notation that petitioner refused to supply such information on the alleged grounds of self-incrimination. Upon the issuance of respondent's statutory notice of deficiency herein, petitioner filed a petition with this Court in which petitioner advanced several well worn and discredited tax protester arguments, including (a) that petitioner was entitled to refuse to supply the required form 1040 information on Fifth Amendment grounds of self-incrimination; (b) that petitioner had not been granted any immunity from prosecution in the premises; and (c) that to sustain respondent's determination under the circumstances would amount to "unlawful coercion, compulsion, and infliction of penalties." Thereafter, in an attempt to develop any substantive issues of fact that might exist in the instant case, and in preparation for trial, respondent took the following steps: (a) Respondent served upon petitioner a request for admissions, accompanied by relevant documents, pursuant to Rule 90. (b) Respondent served a request for production of documents upon petitioner under the provisions of Rule 72. (c) Respondent served upon petitioner interrogatories under the provisions of Rule 71. *425 No response was received from petitioner with respect to any of the above steps initiated by respondent. Thereafter, respondent moved the Court to compel petitioner to produce documents and respond to the interrogatories, as previously propounded by respondent, and the Court, under date of December 23, 1983, ordered petitioner to produce the documents requested and to respond to respondent's interrogatories on or before January 13, 1984. The only response to respondent's motion and the Court's order was a ten-page document from petitioner, addressed to the Secretary of the Treasury, with copies to the Attorney General of the United States, the Commissioner of Internal Revenue, the United States Attorney in Louisiana and the Internal Revenue Service, purporting to be a demand for hearing and relief under the Administrative Procedure Act. [3] In this lengthy, tendentious and sometimes scurrilous document, [4] petitioner claimed that he was not subject to the jurisdiction of the income tax laws, that neither the Internal Revenue Service, this Court, nor any other court of the United States had any jurisdiction over him or his affairs, and he demanded that all proceedings initiated *426 against him by respondent, either in this Court or elsewhere, be terminated immediately, and that all monies therefor collected from him on account of income taxes be refunded. Other than the above document, it does not appear that petitioner made any other response to respondent's repeated efforts to prepare this case for trial, or to comply with the Court's Rules with respect thereto. See Rules 70, 71, 72, 90 and 91. His total recalcitrance and reliance upon frivolous and discredited tax protester arguments is best exemplified by the one response which he made to respondent's repeated efforts, and the orders of this Court. It is apparent to the Court that petitioner initiated his case upon frivolous grounds and without any good faith intention at arriving at a proper determination *427 of his income tax liabilities. In McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), affd. 696 F.2d 1234 (9th Cir. 1983), we said It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. The above quotation fits the instant case perfectly. Petitioner's positions herein were groundless and frivolous, and the Court is satisfied that he knew it. His attitude and activities have cost this Court and respondent many man hours of time which could have been better spent *428 in dealing with the thousands of other cases which are pending before this Court. We will no longer allow ourselves to be imposed upon in this fashion, to the detriment of sincere taxpayers with meritorious issues waiting to be decided. We accordingly impose damages against petitioner Milton F. Hinshaw in favor of the United States under section 6673 in the amount of $5,000. [5]Coulter v. Commissioner, 82 T.C.     (filed April 4, 1984); Abrams v. Commissioner,82 T.C. 403 (1984); Grimes v. Commissioner,82 T.C. 235 (1984); Wilkinson v. Commissioner,71 T.C. 633 (1979); cf. Parker v. Commissioner,724 F.2d 469 (5th Cir. 1984), affg. T.C. Memo. 1983-75. *429 Appropriate orders and decisions will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Such facts are established by documents on file with the Court as well as by facts deemed admitted by petitioner for failure to respond to respondent's request for admissions, pursuant to Rule 90(c).↩
3. The Administrative Procedure Act, as found in Title 5 of the United States Code, does not apply to proceedings before this Court. Alfieri v. Commissioner,60 T.C. 296, 300 (1973), affd. 487 F.2d 1393↩ (2d Cir. 1973). 4. The Internal Revenue Service and this Court are at one point referred to as extortionists, defrauders, conspirators, thieves, bandits, etc.↩
5. With respect to cases begun in this Court after December 31, 1982, section 6673 provides as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpaver primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess or $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩