T.C. Memo. 2017-56

UNITED STATES TAX COURT

IVAN RIVAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29529-13L.                    Filed April 3, 2017.

Ivan Rivas, pro se.

<u>Frederick C. Mutter</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Pursuant to sections 6320 and 6330,[1] petitioner seeks review

of respondent's determination to sustain the filing of a notice of Federal tax lien

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code as in effect at all relevant times.

**[\*2]** (NFTL) and a proposed levy to collect petitioner's unpaid 2009 Federal income tax liability. The issues for decision are: (1) whether the Internal Revenue Service (IRS) Appeals officer properly verified that a notice of deficiency had been mailed to petitioner, (2) whether petitioner was entitled to challenge his underlying tax liability, and (3) whether the Appeals officer abused his discretion in sustaining the NFTL filing and the proposed levy.

## FINDINGS OF FACT

Some of the facts are stipulated and are so found. The stipulation of facts and its exhibits are incorporated herein by this reference. Petitioner resided in New York when the petition was filed.

Petitioner failed to file a Federal income tax return for 2009. Respondent prepared a substitute for return for petitioner under section 6020(b), and on January 9, 2012, mailed to him at P.O. Box 76, Hurleyville, New York 12747, a letter proposing an income tax assessment. Therein respondent explained that he had computed a proposed income tax assessment for petitioner on the basis of income reported by third parties and requested that he file a return for 2009 within 30 days. On April 16, 2012, respondent mailed a notice of deficiency determining an income tax deficiency and penalties for 2009 addressed to petitioner at P.O. Box 186, Hurleyville, New York 12747 (Box 186). The notice of deficiency was

[*3] returned to respondent undelivered. On September 10, 2012, respondent assessed the income tax deficiency and penalties determined in the notice of deficiency.

On February 4, 2013, respondent issued to petitioner at Box 186 a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), with respect to the 2009 tax liability informing him of respondent's intent to levy and of his right to a hearing. Petitioner received the levy notice and in response timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing showing his address as Box 186. In an attachment petitioner indicated that he wished to challenge the underlying tax liability in an audiotaped face-to-face meeting and claimed that he had not had a chance to do so previously. Petitioner further stated in pertinent part: "If this liability is indeed a proper assessment and can be proven that it is authentic and owed, I would like to discuss what collection alternatives are available to me, including, but not limited to, Offer in Compromise, Installment Agreements, and any other payment arrangements that may be available to me."

On March 19, 2013, respondent issued to petitioner at Box 186 a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice) with respect to the 2009 liability informing him of respondent's filing of an NFTL

**[\*4]** and of his right to a hearing. Petitioner received the lien notice and timely submitted a Form 12153 showing his address as Box 186. The Form 12153 included an attachment identical to the one which petitioner had sent in response to the levy notice.

Settlement Officer Bruce Purdon (SO Purdon) of the IRS Office of Appeals (Appeals) was assigned to petitioner's case on March 27, 2013. On March 29, 2013, SO Purdon's case notes record that he intended to request a copy of petitioner's 2009 notice of deficiency. SO Purdon's April 22, 2013, case notes record that the Austin Service Center had been "unable to locate the document". There are no further entries in SO Purdon's case notes concerning the notice of deficiency.

By letter dated April 30, 2013, SO Purdon acknowledged receipt of petitioner's hearing requests, scheduled a telephone conference for May 21, 2013, and requested that petitioner inform him within 14 days if the scheduled conference date was inconvenient. SO Purdon also advised petitioner that, in order to discuss collection alternatives, he had to submit the following within 14 days: (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, (2) Forms 1040, U.S. Individual Income

[*5] Tax Return, for 2010 and 2011 (which had not been filed), and (3) proof of estimated tax payments for first quarter 2013.

On May 20, 2013--the day before his scheduled hearing--petitioner responded by letter rejecting the conference date as unacceptable and requesting a face-to-face meeting at an unspecified time. In the letter petitioner claimed that he had never received a notice of deficiency and reiterated his desire to challenge the underlying tax liability. Petitioner's letter did not include the materials that SO Purdon had requested for purposes of considering collection alternatives, and there is no evidence that petitioner ever provided such materials.

On June 25, 2013, SO Purdon issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed collection actions for 2009. Therein SO Purdon determined the following: (1) all legal and administrative requirements had been met, (2) petitioner had failed to present nonfrivolous arguments, submit required financial statements, or file past-due returns, and (3) the NFTL filing and the proposed levy properly balanced the need for efficient collection of taxes with petitioner's concern regarding the intrusiveness of the collection actions. With regard to the first determination, SO Purdon remarked that "[a]fter the * * * [substitute for return] was submitted, tax, penalty, and interest were assessed.

**[*6]** Notice of the assessment was issued to you." SO Purdon further noted that "[c]omputer records confirm that assessment was made and that notice and demand was timely issued to you." SO Purdon made no specific determination in the notice concerning the challenge petitioner had made to the underlying tax liability in the attachments to his hearing requests.

Petitioner timely filed a petition seeking review of the determination.

OPINION

I.       Statutory Framework

Section 6321 imposes a lien in favor of the United States on all property and rights to property of any person liable for any tax (taxpayer) after a demand for the taxes has been made and the taxpayer fails to pay them. The lien arises when an assessment is made. See sec. 6322. The Secretary generally must file an NFTL with certain State or local authorities where a taxpayer's property is situated for the lien to be valid against certain categories of third parties. Sec. 6323(a), (f); Behling v. Commissioner, 118 T.C. 572, 575 (2002). Section 6320 provides that the Secretary shall furnish the taxpayer with written notice of the filing of an NFTL and of the taxpayer's right to a hearing with Appeals concerning the lien. Sec. 6320(a)(1), (3).

**[*7]** Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for tax if the taxpayer fails to pay the tax within 10 days after notice and demand for payment is made. The Secretary is first required, however, to notify the taxpayer in writing of his or her right to a prelevy hearing with Appeals on the issue of whether the levy is appropriate. Sec. 6330(a)(1), (b)(1).

If the taxpayer timely requests a hearing, an Appeals officer must at the hearing verify that the requirements of any applicable law or administrative procedure have been met. Secs. 6320(c), 6330(c)(1). In addition the taxpayer may generally raise at the hearing "any relevant issue", including appropriate spousal defenses, challenges to the appropriateness of the collection action, and possible collection alternatives. Secs. 6320(c), 6330(c)(2)(A). The taxpayer may challenge the existence or amount of the underlying tax liability, but only if he did not receive a notice of deficiency with respect to the liability or otherwise have an opportunity to dispute it. Secs. 6320(c), 6330(c)(2)(B).

At the conclusion of the section 6330 hearing the Appeals officer must determine whether to sustain the collection actions and take into account: (1) the verification that the requirements of applicable law and administrative procedure have been met, (2) the relevant issues raised by the taxpayer, and

[*8] (3) whether the proposed collection action appropriately balances the need for efficient collection of taxes with the taxpayer's legitimate concern regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review an Appeals officer's determination. When the underlying liability is properly at issue, we review the liability determination de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000). We review all other determinations regarding the proposed collection actions for abuse of discretion. Id. An abuse of discretion occurs if the Appeals officer renders his determination "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner contends that respondent has not introduced sufficient evidence to establish: (1) that respondent properly mailed the notice of deficiency to him and (2) that he actually received the notice. With regard to his first contention petitioner claims that the assessment is therefore invalid and further that SO Purdon abused his discretion by failing to verify that the requirements of applicable law and administrative procedure had been met as required by section 6330(c)(1). With regard to his second contention petitioner alternatively argues

**[\*9]** that he was entitled to challenge the underlying liability at the section 6330 hearing. We address each contention in turn.[2]

## II.   Proper Mailing of the Notice of Deficiency

Petitioner contends that respondent cannot prove that he properly mailed petitioner a notice of deficiency and that therefore respondent's assessment of the 2009 liability is invalid. In this regard petitioner further alleges that SO Purdon violated section 6330(c)(1) by failing to verify that the requirements of applicable law and administrative procedure had been met. Respondent avers that a notice of deficiency was properly mailed to petitioner.

### A.   Section 6330(c)(1) Verification Requirement

The Commissioner generally must send a notice of deficiency by certified or registered mail to a taxpayer's last known address in order to assess a deficiency in income tax. Sec. 6212(a) and (b); see also Alfieri v. Commissioner, 60 T.C. 296,

---

[2]In his pretrial memorandum petitioner also argued that SO Purdon erroneously denied him a face-to-face hearing. He also stated in his hearing requests that he wished to have collection alternatives considered. However, petitioner did not address either issue at trial or on brief. We therefore conclude that he has abandoned these issues. See Nicklaus v. Commissioner, 117 T.C. 117, 120 n.4 (2001); see also Zapara v. Commissioner, 124 T.C. 223, 233 (2005), aff'd, 652 F.3d 1042 (9th Cir. 2011). Petitioner has likewise not taken issue with SO Purdon's finding in the notice of determination that the collection actions at issue properly balanced the need for efficient collection of taxes with petitioner's concern regarding the intrusiveness of the collection actions.

**[\*10]** 299 (1973), aff'd, 487 F.2d 1393 (2d Cir. 1973). Section 6330(c)(1) requires the Appeals officer or employee, as part of his or her review of a proposed action to collect income tax, to verify that a valid notice of deficiency was issued to the taxpayer. Jordan v. Commissioner, 134 T.C. 1, 12 (2010); Hoyle v. Commissioner, 131 T.C. 197, 200 (2008). Section 6330 does not require that the Appeals officer rely upon any particular document in order to satisfy the verification requirement. Craig v. Commissioner, 119 T.C. 252, 262 (2002). Generally, the Appeals officer may rely on a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, or a transcript containing similar information to satisfy the verification requirement. See Jordan v. Commissioner, 134 T.C. at 13.

SO Purdon's statements in the notice of determination suggest that he consulted computerized records to confirm that the assessment of the 2009 liability had been properly made.[3] However, where a taxpayer specifically alleges that he never received a notice of deficiency an Appeals officer cannot rely solely on tax transcripts to verify that a notice has been sent. See Hoyle v. Commissioner, 131 T.C. at 205 n.7. Instead, the Appeals officer must examine

---

[3]We note that the parties have stipulated the admissibility of a Form 4340 for petitioner's 2009 taxable year which records that a notice of deficiency was issued to petitioner in April 2012.

**[\*11]** "underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list".[4] See id. (quoting Chief Counsel Notice CC-2006-19 (Aug. 18, 2006)).

The administrative record does not demonstrate that SO Purdon examined any underlying documents to ascertain whether respondent properly mailed petitioner a notice of deficiency before assessment. Indeed, SO Purdon's case notes suggest that he requested a copy of the notice of deficiency but never received it. Therefore under the standard elucidated in Hoyle we cannot conclude that SO Purdon fulfilled his obligation under section 6330(c)(1) to verify that a notice of deficiency had been properly mailed to petitioner. See, e.g., Meyer v. Commissioner, T.C. Memo. 2013-268; Med. Practice Sols., LLC v. Commissioner, T.C. Memo. 2009-214.

In these circumstances we have often remanded cases to allow Appeals to supplement the administrative record with sufficient evidence to meet the section 6330(c)(1) verification requirement. See, e.g., Jordan v. Commissioner, 134 T.C. 1; Hoyle v. Commissioner, 131 T.C. 197; Meyer v. Commissioner, T.C. Memo. 2013-268; Med. Practice Sols., LLC v. Commissioner, T.C. Memo. 2009-214. But

---

[4]A certified mailing list is typically created on a U.S. Postal Service (USPS) form, designated PS Form 3877.

**[\*12]** see Clough v. Commissioner, T.C. Memo. 2007-106 (Appeals officer's failure to satisfy section 6330(c)(1) was abuse of discretion; remand to supplement record not allowed). When we have remanded for clarification as to whether a notice of deficiency was mailed, "the Appeals Office is not limited to what the Appeals Office considered during the first administrative hearing. Rather, on remand the Appeals Office is to independently verify that a notice of deficiency was properly mailed to the taxpayer." Jordan v. Commissioner, T.C. Memo. 2011-243, 2011 WL 4596002, at \*4 (citation omitted); see also Hoyle v. Commissioner, 136 T.C. 463, 468 (2011).

As more fully discussed infra pp. 14-16, respondent proffered stipulated exhibits and testimony at trial to establish that a notice of deficiency was properly mailed to petitioner. Consequently, any remand for this purpose would not be "necessary or productive", see Lunsford v. Commissioner, 117 T.C. 183, 189 (2001), as a newly assigned Appeals officer would presumably supplement the administrative record with the same documents and possibly with affidavits. Instead, we consider this evidence as a supplement to the administrative record to clarify the basis for the agency's action. See Camp v. Pitts, 411 U.S. 138, 142-143 (1973); Murphy v. Commissioner, 469 F.3d 27, 31 (1st Cir. 2006), aff'g 125 T.C. 301 (2005). Our findings of fact reflect that consideration.

**[\*13]** B.     Supplemental Evidence of Mailing

The Commissioner bears the burden of proving proper mailing of the notice of deficiency by competent and persuasive evidence.  Coleman v. Commissioner, 94 T.C. 82, 90 (1990); Cataldo v. Commissioner, 60 T.C. 522, 524 (1973), aff'd, 499 F.2d 550 (2d Cir. 1974); August v. Commissioner, 54 T.C. 1535, 1536-1537 (1970).  The U.S. Court of Appeals for the Second Circuit, to which an appeal in this case would lie absent a stipulation to the contrary, see sec. 7482(b)(1)(A), has held that the Commissioner may show that a notice of deficiency was properly mailed in one of two ways, O'Rourke v. United States, 587 F.3d 537, 540 (2d Cir. 2009); see also Rivas v. Commissioner, T.C. Memo. 2012-20, 2012 WL 141745, at \*4 n.6.  First, the Commissioner is entitled to a presumption of mailing if he introduces evidence that the notice of deficiency existed and produces a properly completed PS Form 3877 or its equivalent.  Second, if the PS Form 3877 is incomplete or otherwise exhibits minor defects the presumption does not arise, but the Commissioner may nonetheless prove timely mailing with evidence that is "otherwise sufficient".  O'Rourke, 587 F.3d at 540 (citing Coleman v. Commissioner, 94 T.C. at 91).  Such evidence may include habit testimony concerning the Commissioner's mailing practices supplemented with supporting documents.  Id. at 542 n.5.

**[*14]** The record includes a copy of a notice of deficiency for 2009 dated April 16, 2012, addressed to petitioner at Box 186 and bearing a certified mail tracking number[5] and a copy of a PS Form 3877 postmarked "IRS OGDEN, UT 84201 April 16, 2012". The PS Form 3877 records that an article of mail with a certified mail tracking number corresponding to that on the notice of deficiency was sent to petitioner at Box 186. In addition, the record contains a copy of the same notice of deficiency as returned to respondent and stored in his Austin, Texas, service center with a cover sheet recording that the document was returned as "undelivered".

At trial Barbara Sandstrum, a 29-year IRS employee and former analyst for respondent's automated substitute for return program (ASFR), testified about the procedures employed (as of the time the notice of deficiency at issue was purportedly mailed) for issuing notices of deficiency to taxpayers for whom the IRS had generated a substitute for return. According to her testimony, under standard procedures, the IRS, upon preparing a substitute for return for a nonfiler

---

[5]Although the notice of proposed income tax assessment, mailed approximately three months before the date of the notice of deficiency, was addressed to a different post office box, petitioner has not claimed, in testimony or otherwise, that Box 186 was not his last known address at the time the notice of deficiency was issued. Both the lien notice and the levy notice were mailed to and received by petitioner at Box 186.

[*15] under the ASFR program, would send that taxpayer a notice informing him of the proposed tax liability and affording him 30 days to file a return. If the taxpayer failed to do so, the ASFR computer system would automatically prepare a notice of deficiency determining the liability reflected in the substitute for return. The file containing the prepared notice of deficiency would then be sent from the originating service center to a printing site in Detroit, Michigan, or Ogden, Utah.

Under standard procedures, at the printing site the notice of deficiency would be printed with a certified mail tracking number on the cover sheet; the certified mail tracking number on the cover sheet would be displayed through the window of the envelope in which the notice was placed. A PS Form 3877 would be created in conjunction with the notices of deficiency sent to the printing site and would include the intended taxpayers' names and addresses along with the certified mail tracking numbers printed on the notices of deficiency. The USPS employee who retrieved the notices of deficiency from the printing site was required to verify that he or she had received articles of mail that each bore the same name, address, and certified mail tracking number as those on the PS Form 3877; once he or she had done so, he or she would place a USPS postmark on the PS Form 3877 to indicate receipt.

**[\*16]** Ms. Sandstrum testified that under IRS procedures employed during the relevant period, any notice of deficiency mailed as described that was returned would be sent to the originating service center, where it would be physically stored for 10 years with an electronic note indicating the reason for the return--as "refused", "unclaimed", or "undeliverable"--as indicated on the returned envelope. Where the envelope did not indicate a reason for the return or the reason was otherwise unclear, the entry made on the electronic note would be "undelivered".

Ms. Sandstrum also confirmed that various documents in evidence that were issued to petitioner were typical of those used in the ASFR program to issue notices of deficiency to nonfilers. She identified the letter proposing an income tax assessment that was issued to petitioner as a typical 30-day letter that informed a taxpayer of a proposed liability computed in a substitute for return. She noted the match between the certified mail tracking number on the notice of deficiency issued to petitioner with that on the PS Form 3877 bearing his name and address. Finally, Ms. Sandstrum identified the USPS postmark on the PS Form 3877 as indicating that a USPS employee had taken possession of the articles listed therein on April 16, 2012, from respondent's Ogden, Utah, printing site.

There is no reasonable dispute that a notice of deficiency issued to petitioner for 2009 exists, as the parties stipulated the authenticity of a notice of

[*17] deficiency issued to him for that year at the Box 186 address bearing a certified mail tracking number that matches the tracking number relating to petitioner's name and address on the PS Form 3877. The PS Form 3877 itself has defects, however, as petitioner points out. While it bears a USPS postmark indicating delivery of certified mail items to the USPS, the box where the number of items delivered is to be entered is blank. The PS Form 3877 also lacks the signatures of the IRS employee who prepared the form and of the USPS employee to whom the items were delivered.

These omissions render the PS Form 3877 insufficient to establish a presumption that the notice of deficiency was mailed. See O'Rourke, 587 F.3d at 540; Coleman v. Commissioner, 94 T.C. at 91-92. Nevertheless the PS Form 3877 remains probative, see Portwine v. Commissioner, T.C. Memo. 2015-29, aff'd, ___ F. App'x ___, 2016 WL 4474832 (10th Cir. 2016); Massie v. Commissioner, T.C. Memo. 1995-173, aff'd without published opinion, 82 F.3d 423 (9th Cir. 1996), and respondent may still prevail if the evidence of mailing is otherwise sufficient, see O'Rourke, 587 F.3d at 540; see also Coleman v. Commissioner, 94 T.C. at 91.

As discussed infra p. 19, we conclude that respondent has proffered sufficient other evidence to establish that the notice of deficiency was mailed. The

[*18] PS Form 3877 includes a certified mail tracking number adjacent to petitioner's name and address that corresponds to the certified mail tracking number on the cover sheet of the notice of deficiency that has been stipulated. The PS Form 3877 also bears an April 16, 2012, USPS postmark, giving rise to an inference that the items listed on it were received by the USPS on that date, which is the date of the notice of deficiency. Ms. Sandstrum provided competent testimony concerning the IRS' mailing procedures under the ASFR program, including (i) that a notice of deficiency would be automatically generated when a substitute for return was prepared for a nonfiler who had failed to file a return in response to a notice of a proposed assessment; (ii) that a certified mail tracking number would be printed on the cover sheet of the notice of deficiency and entered on the PS Form 3877; (iii) that a USPS employee would place a USPS postmark on the PS Form 3877 after he or she had verified that it listed the items of certified mail that had been delivered to the USPS from the printing site; and (iv) that a returned notice of deficiency would be stored for 10 years at the service center where it was generated, with an electronic note indicating (a) the reason the item had been returned when indicated on the returned envelope or (b) "undelivered" when the reason for the return was not indicated on the returned envelope. Respondent also proffered the returned notice of deficiency that had been mailed

**[*19]** to petitioner, with a printout of the electronic note indicating that the notice was "undelivered".

We find that the foregoing documentary evidence and testimony respondent offered establishes that the notice of deficiency was properly mailed to petitioner at his last known address. The documentary evidence is consistent with the procedures outlined in Ms. Sandstrum's testimony. The documentary evidence of the notice of deficiency's return by the USPS further corroborates that it was mailed. Petitioner has offered no contrary evidence. Consequently, we conclude that the assessment of the 2009 liability that respondent seeks to collect is valid.

III.    Receipt of the Notice of Deficiency

Although respondent has carried his burden of proving proper mailing of the notice of deficiency, petitioner contends that respondent has nevertheless failed to prove that he actually received the notice. Petitioner therefore argues that he was entitled to challenge the underlying tax liability at the section 6330 hearing. See sec. 6330(c)(2)(B). Respondent counters that section 6330(c)(2)(B) precludes petitioner from challenging the existence or amount of the liability because petitioner had deliberately refused receipt of the notice of deficiency.

The assessment of an income tax liability is generally valid if the Commissioner properly mails the taxpayer a notice of deficiency, see sec. 6212,

**[\*20]** but a taxpayer may still challenge the liability at a section 6330 hearing if he did not receive the notice, <u>see</u> sec. 6330(c)(2)(B). Although section 6330(c)(2)(B) contemplates actual receipt of a notice of deficiency, <u>see, e.g.</u>, <u>Tatum v. Commissioner</u>, T.C. Memo. 2003-115, a taxpayer may not avoid actual receipt by deliberately refusing delivery, <u>Sego v. Commissioner</u>, 114 T.C. at 610-611.

A showing that a properly addressed letter was delivered to a post office creates a further presumption that it reached its destination and was actually received by the person to whom it was addressed. <u>Hagner v. United States</u>, 285 U.S. 427, 430 (1932); <u>see also</u> <u>Rios v. Nicholson</u>, 490 F.3d 928, 930-931 (Fed. Cir. 2007). We have found that respondent has demonstrated that the notice of deficiency (properly addressed to petitioner) was placed in the custody of the USPS at the printing site. Respondent may therefore rely on the notice's delivery to the USPS to establish that petitioner actually received, or refused receipt of, the notice of deficiency for purposes of section 6330(c)(2)(B) unless petitioner offers credible rebutting evidence. <u>See, e.g.</u>, <u>Klingenberg v. Commissioner</u>, T.C. Memo. 2012-292, at \*14-\*15, <u>aff'd</u>, ___ F. App'x ___, 2016 WL 6520071 (9th Cir. Nov. 3, 2016); <u>Rivas v. Commissioner</u>, 2012 WL 141745, at \*5; <u>Cyman v. Commissioner</u>, T.C. Memo. 2009-144, 2009 WL 1748863, at \*4-\*5; <u>Casey v. Commissioner</u>, T.C. Memo. 2009-131, 2009 WL 1606226, at \*4; <u>Bailey v.</u>

**[\*21]** <u>Commissioner</u>, T.C. Memo. 2005-241, 2005 WL 2591914, at \*5. The Court's determination of whether a taxpayer has received a notice of deficiency so as to preclude a challenge to the underlying tax liability under section 6330(c)(2)(B) is made "[o]n the preponderance of the evidence". <u>Sego v. Commissioner</u>, 114 T.C. at 611; <u>see also</u> <u>Klingenberg v. Commissioner</u>, at \*12; <u>Casey v. Commissioner</u>, 2009 WL 1606226, at \*4.[6]

The evidence establishes that the notice of deficiency was returned to respondent and that the electronic note created when the notice was stored designated it "undelivered"--indicating that the reason for the failure of delivery was not revealed on the returned envelope or otherwise. In the face of the presumption that the notice of deficiency reached its destination as addressed, petitioner has offered no rebutting evidence. He offered no sworn testimony to the effect that he did not receive any notice of a certified letter at or around the time the notice was mailed. Instead, he merely claimed that respondent had failed to prove that the notice had been mailed or that he received it. We find on this record that petitioner failed to accept and/or refused delivery of the notice of deficiency

---

[6]Even if we were limited to the administrative record in making this determination, we would consider the PS Form 3877 and Ms. Sandstrum's testimony for the same reasons we considered them in determining whether the 2009 liability had been validly assessed.

[*22] and therefore is deemed to have received it.[7]  Accordingly, it is unnecessary to remand this case to allow an Appeals officer to consider a challenge to the underlying tax liability.  Any such challenge is precluded under section 6330(c)(2)(B) because petitioner is deemed to have received the notice of deficiency for 2009.

IV.   Conclusion

Petitioner has not shown any abuse of discretion underlying SO Purdon's determination to sustain the NFTL filing and the levy at issue.  We accordingly sustain the notice of determination.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[7]Petitioner took the same position, and we reached the same conclusion, with respect to notices of deficiency for other taxable years.  See <u>Rivas v. Commissioner</u>, T.C. Memo. 2012-20, 2012 WL 141745.